Duncan *v.* Hayes and Greenwood.

## DUNCAN *vs.* HAYES and GREENWOOD.

1. Filling the air around a dwelling-house with dense smoke and soot or cinders, or with noxious or offensive vapors or odors, or with annoying noises, to such a degree as will render living in the house uncomfortable to persons of ordinary sensitiveness on those matters, is a nuisance and unlawful injury, which will be restrained by injunction.

2. If the title of the complainant is not disputed, and the injury is clear, it is not necessary that the fact of nuisance should be first established by a verdict at law.

3. It is well settled that a court of equity will not restrain, by injunction, any lawful business, or the erection of any building or works for such business, because it is supposed or alleged that such business will be a nuisance to a dwelling-house near it; it must be clear that the business will be a nuisance, and that it cannot be carried on so as not to be such.

4. Where the building or machinery is of itself no nuisance, the erection will generally not be stopped, but the defendant will be allowed to go on with it at the risk of not being permitted to use them in any way so as to cause a nuisance.

5. As to the business itself, if it is not clearly shown that it will be a nuisance in the way it is meant to be carried on, the court will not restrain it, but will compel the complainant to wait for his protection until it is in operation and it can be shown, without doubt, whether it is a nuisance or not.

6. No lawful occupation will be restrained or interfered with, unless it will actually interfere with the comfortable enjoyment of life, and it appears beyond any reasonable doubt that it will so interfere.

7. In a doubtful case, where the injury by prohibiting the business is great and certain, and the injury to the complainant, when it may occur, can be speedily remedied by an injunction applied for after the fact of nuisance is ascertained by experiment, the defendant, after being warned of the peril, will, in general, be allowed to proceed at his own risk, until the complainant is actually injured.

8. That the business proposed to be carried on by the defendant would injure the prestige of the complainant's house, make it less desirable for the better class of boarders who frequent it, and thus lessen her profits, is no ground for an injunction.

9. Increased risk from fire, and the consequent large rates of insurance, constitute no ground for injunction.

This case was argued on rule to show cause why an injunction should not issue.

*Mr Pitney*, in support of the rule.

*Mr. Theodore Little*, contra.

. THE CHANCELLOR.

The defendants have begun to build on a lot lately bought by them at Morristown, a planing and saw mill, to be driven by steam. They intend to use as fuel for the steam engine, the chips and shavings of the pine boards to be worked there, which, it is alleged, produce soot and black smoke in large volumes. The complainant owns the adjoining lot, the house upon which is, and has been for years, occupied by her as a dwelling-house and boarding-house. It is kept as a boarding-house of the first class, and the complainant has a great many guests who regularly stay at her house. The chimney of the steam engine being put up by the defendants is about two hundred feet distant northerly from the part of her house nearest to it. The complainant alleges that the smoke from the chips and shavings to be used in the steam boiler, will fill and surround her house and make it uncomfortable for her or her guests to live in, and that the sawing and planing machines meant to be used, will make an intolerable noise and render the house uncomfortable; and that by these causes her house will become an undesirable residence for boarders, and her business be greatly injured, if not wholly destroyed.

The defendants in their answer, admit that they have begun to build such a mill in the location stated in the bill, and that they intend to use pine chips and shavings to drive the steam engine, and intend to operate sawing and planing machines in the building, but they deny that the house of the complainant will be rendered uncomfortable, or be seriously affected by either the smoke or the noise, or that her business will suffer by them.

There are a number of affidavits attached to the bill and to the answer, respectively, in support of. the allegations in each. Many of them are to show the effect produced by a

smaller establishment in Morristown for the same business, owned and operated by the defendants, which had recently burned down, and from which they had transferred their business to the present location.

The complainant alleges that the establishment will much increase the risk from fire, and raise the rate of insurance for her premises.

It must be taken as a settled principle, that filling the air around a dwelling-house with dense smoke and soot or cinders, or with noxious or offensive vapors or odors, or with annoying noises to such a degree as will render living in the house uncomfortable to persons of ordinary sensitiveness on those matters, is a nuisance and unlawful injury, which will be restrained by injunction. This subject has been considered and settled in this court, in the cases of *Davidson* v. *Isham*, 1 *Stockt.* 186; *Wolcott* v. *Melick*, 3 *Stockt.* 204; *Ross* v. *Butler*, 4 *C. E. Green* 294; and *Cleveland* v. *The Citizens Gas Light Co.*, 5 *C. E. Green* 201; and in *Crump* v. *Lambert*, 3 *Eq. Cases (L. R.)* 409; *Rhodes* v. *Dunbar*, 7 *Am. Law Reg., N. S.*, 412.

It is equally well settled that if the title of the complainant is not disputed, and the injury is clear, it is not necessary that the fact of nuisance should be first established by a verdict at law. *Shields* v. *Arndt*, 3 *Green's Ch.* 234; *Holsman* v. *Bleaching Co.*, 1 *McCarter* 343; *Ross* v. *Butler*, *supra*. The opinion of the Court of Appeals in *Carlisle* v. *Cooper*, 6 *C. E. Green* 580; *Crump* v. *Lambert*, *supra*; *Walter* v. *Selfe*, 4 *De Gex & Sm.* 315, and many other cases, hold this doctrine.

But it is equally well settled that a court of equity will not restrain, by injunction, any lawful business, or the erection of any building or works for such business, because it is supposed or alleged that such business will be a nuisance to a dwelling-house near it; it must be clear that the business will be a nuisance, and that it cannot be carried on so as not to be such. Where the building or machinery is of itself no nuisance, as in this case, the erection will generally

not be stopped, but the defendants allowed to go on with it at the risk of not being permitted to use them in any way so as to cause a nuisance. As to the business itself, if it is not clearly shown that it will be a nuisance in the way it is meant to be carried on, the court will not restrain it, but will compel the complainant to wait for his protection until it is in operation, and it can be shown without doubt whether it is a nuisance or not. No lawful occupation will be restrained or interfered with, unless it will actually interfere with the comfortable enjoyment of life, and it appears beyond any reasonable doubt that it will so interfere. In a doubtful case, as the injury by prohibiting the business is great and certain, and the injury to the complainant, when it may occur, can be speedily remedied by an injunction applied for after the fact of nuisance is ascertained by experiment, it is better that the defendant, after being warned of the peril, should be allowed to proceed at his own risk, until the complainant is actually injured. If the business was restrained in the first instance, we could never learn from the great teacher experience, whether the business would, in fact, be a nuisance or not. This was the course pursued by Chancellor Williamson in Wolcott v. Melick, and by me in Cleveland v. The Citizens Gas Light Company. And the result in both cases proved its wisdom. The works in both cases are in successful operation, and no complaint has been made of either. In the last case, notwithstanding the proofs produced by the defendants, I had great doubts of the possibility of the success of the experiment, almost amounting to a conviction that it could not succeed, yet on account of the great injury to the defendants by prohibition, and the short duration of the injury, and the small damage to the complainants if it was not then enjoined, I permitted them to construct the work and put it in operation.

In Ross v. Butler, where the injury was of the same nature as charged here, the fact and extent of it was admitted by not being denied in the answer, except that it would be only for one day in every fortnight; and then the only

question was, whether the defendant should be permitted to make the home of the complainant uncomfortable and insufferable, one day in fourteen.

Here the defendants deny that that the complainant will be seriously incommoded by the smoke or noise, and support that denial by a number of affidavits. The proofs on their side, in my judgment, are fully equal in weight to those on part of the complainant. And it appears to me at least doubtful whether the smoke and cinders from a chimney fifty feet high, two hundred feet distant from any part of the complainant's house, will make her or her guests uncomfortable, or whether these or the noise will seriously annoy them. The chimney is north of the house, and I think the nuisance from the smoke will much depend upon the fact whether northerly winds prevail there, or whether, when they do occur, they are accompanied by falling weather, or such state of the atmosphere as would prevent a chimney fifty feet high from carrying smoke and cinders off above the complainant's house. Such result may be proven, but its occasional occurrence, once or twice a year, or perhaps oftener, would not be such a nuisance as would induce this court to interfere without a trial at law.

The title of the complainant to her premises, and to be protected from injury in the prosecution of a valuable and lawful business, is clear and is not disputed. If the injury was certain, or without reasonable doubt, I should not hesitate to grant the injunction.

That such an establishment beside her house, even if it did not by the smoke and noise render life uncomfortable, would injure the prestige of her house, make it less desirable for that better class of boarders who frequent it, and thus lessen her profits, is no good ground for restraining the defendants. A green-grocer's or butcher's shop, a licensed porter-house, or liquor saloon, always make any residence alongside of which they are placed undesirable, and would injure the business of a boarding-house; so would that most commendable institution, a public school-house. And many

localities, which were the residence of the most refined and cultivated, have been deserted by them, because persons who pursue the occupation of the complainant have opened boarding-houses in them. Yet in these cases the damage results from lawful acts, and in equity as well as at law, there is no remedy for *damnum absque injuria.*

Increased risk from fire and the consequent large rates of insurance, are no ground for injunction. The reason sometimes assigned that the injury is only contingent, is not, perhaps, the correct one, because though fire may be contingent, the increase of the insurance rate is actual and certain. But if such was the rule, no house could be built on vacant lots in the vicinity of a house already there, within the distance which, by the rules of insurance companies, increases the risk and premium. No apothecary, cabinet maker, bookseller, stationer, or other business denominated hazardous or extra hazardous, could be permitted adjoining a dwelling-house, because this would increase the rates of insurance. I know of no precedent for an injunction against any business on account of increased risk from fire to the adjoining buildings.

If the defendants, knowing that they will not be permitted to render the dwelling of the complainant uncomfortable for her family or guests to live in, by smoke, cinders, or noise, choose to go on with the enterprise and risk the recovery of damages at law, or being restrained from using their works by the interposition of this court after all their expenditure, they must be permitted to do so.

The complainant has acted fairly in warning them by this suit, of her conviction that their works will inflict material injury upon her, and of her intention to restrain the use of these works if they do injure her. If they choose to proceed they must count the cost and risk, and rely upon their own judgment whether this business can be carried on there without injury to the complainant.

Injunction refused.