HARGETT v. BELL.

(Filed March 16, 1904).

INJUNCTION—*Licenses—Intoxicating Liquors—Const. N. C., Art. I, sec. 13—Acts 1903, ch. 233—The Code, secs. 607, 2788.*

> The question whether a liquor dealer has violated the local option law, involving the validity of a license issued to him, cannot be tested by injunction.

ACTION by F. W. Hargett against J. F. Bell, heard by *Judge G. S. Ferguson,* at Chambers, at Morganton, N. C., February 1, 1903.

From an order dissolving a restraining order the plaintiff appealed.

*Frank Thompson, A. D. Ward* and *Busbee & Busbee,* for the plaintiff.
*W. D. McIver* and *E. M. Koonce,* for the defendant.

CLARK, C. J. This is an action in the nature of a *quo warranto* and for an injunction to restrain the defendant from further selling spirituous liquors in the town of Jacksonville, alleging that an election was held for said town

under the provisions of chapter 233, Laws 1903, on 10 December, 1903, whereat the majority of qualified voters cast their ballots "against saloons," and the result of said election was duly canvassed and declared accordingly; that after said election there was, notwithstanding, a license issued by both the county and town commissioners to defendant to sell liquor from 1 January, 1904, to 1 July, 1904.

The sole question is as to validity of this license, which the relator claims to be void. That matter can properly be determined as to defendant only by a criminal prosecution. When the license is set up as a defense the Court will pass upon its validity. The defendant, if he is selling liquor without a valid license, is entitled to a trial by jury, and cannot be deprived of it by a proceeding for contempt for violation of an injunction commanding him not to commit the crime. An injunction was held invalid to test the validity of a town ordinance in *Paul v. Washington,* at this term; *Scott v. Smith,* 121 N. C., 94; *Wardens v. Washington,* 109 N. C., 21; *Cohen v. Comrs,* 77 N. C., 2, in which *Reade, J.,* says: "We are aware of no principle or precedent for the interposition of a court of equity in such cases."

There is no equitable jurisdiction to enjoin the commission of crime. 1 High Inj. (3 Ed.), sec. 20. The Court of Equity cannot enjoin the Judge and Solicitor from the enforcement of the criminal law, and an adjudication between the parties to this action would be a vain thing, for the Solicitor could, notwithstanding, proceed in the criminal action in which the validity of the alleged license must still be determined. On this ground an injunction against an alleged illegal sale of liquor was denied. *Attorney-General v. Schrveickhard,* 109 Mo., 515. In *Patterson v. Hubbs,* 65 N. C., 119, *Pearson, C. J.,* says that an injunction is "confined to cases where some private right is a subject of controversy." As is above said, if an injunction to pre-

vent the commission of crime could issue, the violation of the order, the crime, could be punished by proceedings for contempt by the Judge without a jury, but the Constitution guarantees to one charged with crime the right of trial by jury. Art. I, sec. 13. The method here attempted, if sustained, would be "government by injunction."

Nor are we prepared to say that "a license to keep a dram shop comes within the definition of a franchise." *People v. Matthews,* 53 Ill. App., 305, and *Railroad v. People,* 73 Ill., 541, are directly in point, and hold that such license is not a franchise. Such business is not an office so that the defendant's right to it shall be tested by a *quo warranto* under The Code, section 607, nor is the license letters patent to be vacated by a *quo warranto* under The Code, 2788.

By proper proceedings the declaration of the result of the election might be examined into, but the complaint does not impeach its validity and on the contrary asserts it. Besides, such action would not be brought against the defendant.

The Court below properly dissolved the restraining order, and there being no cause of action stated, the Court here will *ex mero* dismiss the action.

Action Dismissed.

WALKER, J., concurs only in result.