## VENTNOR CITY

### v.

## J. HARRY FULMER et al.

[Submitted March 14th, 1921.   Decided March 24th, 1921.]

1. A mandatory injunction will not be issued to require the removal of a structure built by defendants on their own lots, but closer to the lot line than is permitted by the municipal ordinance, even though the ordinance is a reasonable one to afford protection from fire, since, except for the ordinance, the structure was a lawful one, and not a nuisance, and the purpose of the injunction was only to enforce the ordinance.

2. Equity will not enforce the penal laws of the state or the ordinances of municipal corporations by injunction unless the act sought to be restrained is a nuisance.

On final hearing on bill for injunction.

*Mr. John S. Westcott,* for whom appeared *Mr. Harry R. Coulomb,* for the complainant.

*Mr. Theodore W. Schimpf,* for whom appeared *Mr. William Elmer Brown,* for the defendants.

LEAMING, V. C.

The primary question in this suit is one of jurisdiction.

An ordinance of complainant municipality forbids the erection of buildings within specified distances of the side lines of lots and provides a penalty for its violation. The provisions of the ordinance may be conceded to be reasonable and consistent with its purpose to afford protection against fire.

Defendant has clearly violated the ordinance. By the bill filed herein the municipality seeks mandatory relief by injunction to compel defendant to remove the offending part of the structure.

The want of jurisdiction of a court of equity to award to the

municipality the relief sought would seem almost too well settled to warrant extended discussion.

The structure complained of is not a nuisance in itself. It is a structure erected by defendant upon his own land which, but for the ordinance, would be a lawful use which he could make of his own property without invasion of the rights of others. The structure can only be considered unlawful or as in the nature of a nuisance because it is violative of the terms of the municipal ordinance.

The situation thus presented is purely an appeal by a municipality to a court of equity for the enforcement of its ordinance by process of injunction.

It can probably be asserted with a reasonable degree of confidence that no authority can be found in this state or elsewhere affording substantial support to complainant's claim. The precise question here presented has been before the courts of our sister states repeatedly and with apparent uniformity resolved against the jurisdiction of a court of equity to intervene in behalf of the municipality in such circumstances. *Town of Rochester* v. *Walters, 27 Ind. App. 194; Mt. Vernon National Bank* v. *Sarlls, 129 Ind. 201; Kaufman* v. *Stein, 138 Ind. 49; Hudson.* v. *Thorne, 7 Paige (N. Y.) 261; Manchester* v. *Smyth, 64 N. H. 380; Village of St. John* v. *McFarlan, 33 Mich. 72: Village of Waupun* v. *Moore, 34 Wis. 450.* In the case last cited the ordinance specifically provided that it should be enforced by injunction.

The general doctrine is, as tersely stated in *Hudson* v. *Thorne, supra,* that "it is no part of the business of this court to enforce the penal laws of the state or the by-laws of [municipal] corporations by injunction, unless the act sought to be restrained is a nuisance." This statement of the rule is in harmony with the decisions in this state. *Green* v. *Piper, 80 N. J. Eq. 288,* and cases cited on *p. 290.*

A decree will be advised dismissing the bill.