## CITY OF ELIZABETH CITY v. A. L. AYDLETT.

(Filed 9 April, 1930.)

**Municipal Corporations H e—City may not enjoin the violation of its ordinance in regard to the erection of filling stations.**

Where a city makes the violation of its ordinances in regard to the erection and maintenance of gasoline filling stations within a prescribed zone a criminal offense, and an alleged violator of the ordinance has been acquitted by a court of competent jurisdiction, equity will not afford injunctive relief at the suit of the city to restrain the continued violation of the ordinance by the person acquitted, the question as to the rights of the adjacent property owners not being presented.

STACY, C. J., and ADAMS, J., concurring.

APPEAL by defendant from *Sinclair, J.,* 7 November, 1929. From PASQUOTANK. Reversed.

This is a proceeding for injunctive relief. The plaintiff is a municipal corporation, and duly passed an ordinance regulating the location and erection of filling or gasoline stations within certain territory within the corporate limits of Elizabeth City before defendant was indicted for its violation.

The complaint, among other things, alleges: "That the defendant, A. L. Aydlett, his servants, agents and employees are wrongfully, unlawfully and in violation of said ordinance, locating, erecting, building and constructing a filling station upon that certain lot formerly used as a residence by the said Aydlett and now used in part as such residence, located on the northwest corner of West Main and North Road streets, and within that portion of the town of Elizabeth City from which filling stations are prohibited by the first section of the ordinance aforesaid. That a warrant has been issued against the said A. L. Aydlett charging him with the violation of said ordinance; that a trial was had before the court having jurisdiction of such matters, to wit: the court of the trial justice of Pasquotank County on 10 September, 1929, and the said trial justice found the said A. L. Aydlett not guilty and rendered judgment accordingly, said trial justice declaring that, in his opinion, the said ordinance was unconstitutional and void. That this plaintiff has no other relief except to ask this court for a restraining order enjoining the further violation of said ordinance by said defendant. Wherefore, plaintiff prays that a restraining order be issued by the court enjoining the said A. L. Aydlett, his servants, agents and employees in proceeding further with the erection of the said filling station, and for such other and further relief as the nature and circumstances of the case may demand."

The defendant, among other things, says that the ordinance is void.

The judgment of the court below is as follows: "This cause coming on to be heard before the undersigned judge of the Superior Court upon the pleadings, affidavits, exhibits and argument of counsel, and it appearing to the court that the plaintiff has pursued its legal remedy by criminally prosecuting the defendant in the trial justice court of Pasquotank County, which court has exclusive and final jurisdiction of the offense, and that the trial justice found the defendant not guilty, upon the ground that in his opinion the ordinance under which defendant was prosecuted was unconstitutional and void, and that, no appeal lying from said judgment of acquittal, the plaintiff has exhausted its legal remedy, and the court being of the opinion and finding as facts from the evidence that the ordinance in question was not enacted arbitrarily by the board of aldermen of Elizabeth City or with any idea of discrimination against the defendant or any other person, but in the valid discretionary exercise of the police powers vested in such aldermen to secure the safety and general welfare of the public: It is considered, adjudged and decreed that the defendant, his agents and servants be, and they are hereby permanently restrained and enjoined from constructing and erecting a filling station upon the site or location described in the complaint, and that the plaintiff recover its costs in this cause expended, to be taxed by the clerk."

The ordinance provides: "Any person, firm or corporation violating any provision of the foregoing ordinance, shall be guilty of a misdemeanor, and shall, upon conviction, pay a fine of fifty dollars for each offense and each day or part of day said violation shall continue, shall be considered and be a separate offense."

The defendant excepted, assigned error to the finding of facts set forth in the judgment and the judgment, and appealed to the Supreme Court.

*J. B. Leigh, Thompson & Wilson for plaintiff.*
*Aydlett & Simpson for defendant.*

CLARKSON, J. We think the only question involved in the appeal: Can the city of Elizabeth City maintain its action against the defendant for injunctive relief to prevent defendant violating an ordinance of the town, the violation of which is a misdemeanor—a crime? We think not.

We do not pass upon the validity of the ordinance. The record discloses that defendant was indicted and acquitted by a court of competent jurisdiction for violating the ordinance in question—Can the equitable jurisdiction of the court be invoked by a municipality in an action of this kind to enforce its ordinance? We think not.

We find this expression in plaintiff's brief, that "plaintiff has no other remedy except the use of the injunction or the use of force." We do not understand what plaintiff means by the "use of force." This is a government of law, not force, and orderly government must ever prevail or we will have anarchy. Municipalities are subject to law like other corporations and persons. Plaintiff must be mindful of the fact that under the guise of police regulations protecting the public welfare, attempts have been made to curb the free use of private property that is not a nuisance *per se*. Questions of this kind have ever been the subject of troublesome controversy as to whether the regulations are reasonable or arbitrary.

The bare question for this Court to determine: Has a court of equity jurisdiction? We are not dealing with a nuisance—all the courts have declared that filling stations and garages are held not to be nuisances *per se. MacRae v. Fayetteville, ante,* at p. 54.

In *Clinton v. Oil Co.,* 193 N. C., we said at p. 436: "We will not discuss the anomaly of plaintiff's bringing an action to enforce its own ordinance, praying injunctive relief; but decide the case on its merits, as the point is not raised by the parties."

The Law of Injunctions (Lewis & Spelling), part section 10, speaking to the subject, says: "The noninterference by injunction to shield persons from the consequences of criminal prosecutions is based on such obvious reasons of public policy that it is strange an impression ever found lodgment in legal minds to the contrary. Nevertheless, the jurisdiction has been often unsuccessfully invoked for that species of protection. The rule holds good where the remedy is sought to prevent the commission of a criminal act. It is equally clear that the wrong about to be done a party affecting his property and civil rights should be stayed or prevented, where he has no adequate legal remedy, notwithstanding that the wrongful act or conduct complained of possesses elements of criminality. It follows that a court of equity will not withhold preventive relief because such act is criminal, it also appearing that the act or conduct will result in a violation of property rights and that the applicant for relief has no other adequate remedy. The rule excluding injunction to prevent crime is as applicable where the threatened act would violate a municipal ordinance as where the violation of a statute is involved or the act would constitute a criminal offense at common law."

14 R. C. L., Injunctions, at p. 376, part section 78: "In early times the English Court of Chancery, not without much protest on the part of the common-law courts, occasionally issued injunctions to restrain the commission of certain criminal acts. This jurisdiction seems to have

been confined to cases in which other tribunals were too weak to protect the poorer and more helpless classes of the community against the power of the great nobles, and the reasons for exercising it disappeared when the common-law courts became fully capable of controlling and repressing such acts of violence and outrage. Accordingly, it is now the rule that where acts complained of are violations of the criminal law, courts of equity will not on that ground alone interfere by injunction to prevent their commission, as they will not exercise their powers for the purpose of enforcing the criminal laws by restraining criminal acts."

In *Wardens v. Washington,* 109 N. C., at p. 22, we find the law stated thus: "The plaintiffs in this action seek to have a town ordinance declared void, and an injunction against enforcing the same. . . . It is unnecessary, however, that we pass upon the question debated before us as to the power of the Legislature to authorize or to validate the ordinance in the exercise of the police power inherent in the State, for we have an express authority, if one were needed, that an injunction does not lie to prevent the enforcement of an alleged unlawful town ordinance. Should the plaintiff be injured by its enforcement, he has a redress at law by an action for damages, *Cohen v. Commissioners,* 77 N. C., 2, in which *Reade, J.,* says: 'We are aware of no principle or precedent for the interposition of a court of equity in such cases.' " *Scott v. Smith,* 121 N. C., 94; *Vickers v. Durham,* 132 N. C., 880; *Paul v. Washington,* 134 N. C., 363; *Hargett v. Bell,* 134 N. C., 394; *S. v. R. R.,* 145 N. C., 495; *Thompson v. Lumberton,* 182 N. C., 260; *Turner v. New Bern,* 187 N. C., 541; *Moore v. Bell,* 191 N. C., 305.

The exception to the general rule is thus stated in *Advertising Co. v. Asheville,* 189 N. C., at p. 738: "If it appear that an ordinance is unlawful or in conflict with the organic law and that an injunction against its enforcement is necessary for the protection of property rights or the rights of persons, otherwise irremediable, the writ is available in the exercise of the equitable power of the court." 14 R. C. L., Injunctions, part section 79; see 32 C. J., Injunctions, 438-440.

It may be noted that the ordinance passed by plaintiff municipality provides the method of enforcement. A violation is made a misdemeanor and punishment by fine of $50, and a violation each day is a separate offense.

From the facts and circumstances of this case and the reasons given, the judgment below is

Reversed.

STACY, C. J., concurring: In the absence of authority expressly conferred on plaintiff, either by its charter or by general law, to invoke the power of a court of equity to restrain the continued violation of an

ordinance, under circumstances such as here disclosed, which has not been called to our attention if such authority has been given, perhaps the plaintiff, without alleging some special damage to property owned by the city, is not the proper party to maintain the action. *Rochester v. Guthberlett,* 211 N. Y., 309, 14 R. C. L., 379.

ADAMS, J., concurring: As a rule an injunction will not be issued to restrain the enforcement of a town ordinance alleged to be invalid, because its invalidity may be pleaded as a defense. *Thompson v. Lumberton,* 182 N. C., 262. But a court of equity may restrain a criminal prosecution for an alleged breach of an unconstitutional ordinance when the prevention of such prosecution is essential to safeguard the rights of property. *Tyson & Bro. v. Banton,* 273 U. S., 418, 71 L. Ed., 718; *Advertising Co. v. Asheville,* 189 N. C., 737. If an ordinance which is valid is declared by a justice of the peace to be unconstitutional and the defendant is discharged the State has no right of appeal and the real question cannot be determined by an appellate court in the criminal proceeding. A question would then arise whether the owner of property which would be injuriously affected by such abolition of the ordinance could resort to a court of equity to enjoin the defendant from doing that which the valid ordinance expressly forbids. The present action was brought by the city, and not by an owner of property who claims that its value will be impaired by the construction of the building forbidden by the ordinance. I understand that the law with respect to the proposed question is not determined on the present record, and I therefore concur in the opinion of the Court.