CITY OF ELIZABETH CITY v. A. L. AYDLETT.

(Filed 19 December, 1930.)

**Municipal Corporations H e—Under statutory authority a city may enjoin the violation of its zoning ordinance.**

Section 8, chapter 250, Public Laws of 1923, permits the issuance of a restraining order in favor of a city against the erection and maintenance of a filling or gasoline station contrary to its ordinance, and the refusal to issue such restraining order on the ground that the remedy of the city for the violation of its zoning ordinance is by indictment alone is erroneous.

APPEAL by plaintiff from *Cranmer, J.,* 23 April, 1930, at Columbia. From PASQUOTANK.

Civil action to restrain the defendant from completing a gasoline filling or gasoline storage station, and from operating same in violation of a zoning ordinance, adopted pursuant to chapter 250, Public Laws 1923.

From a judgment dissolving the temporary restraining order on the ground that indictment, and not injunction, is the only available remedy, plaintiff appeals, assigning error.

*J. B. Leigh and Thompson & Wilson for plaintiff.*
*M. B. Simpson and McMullan & LeRoy for defendant.*

STACY, C. J. Section 8 of chapter 250, Public Laws 1923, provides that in case any building or structure is erected or maintained in violation of any ordinance or regulation adopted in pursuance thereof, the proper authorities of the municipality, in addition to other remedies, may institute any appropriate action or proceeding to restrain or abate

such unlawful erection, maintenance, occupancy or use, and to prevent any illegal act in connection therewith.

This differentiates the case from *Elizabeth City v. Aydlett,* 198 N. C., 585, 152 S. E., 681, and the trial court was in error in holding that plaintiff was precluded from testing the matter by injunction. 14 R. C. L., 379.

The validity of the ordinance is not involved on the present appeal. The appropriateness of the remedy selected by plaintiff is the only question presented for decision.

Error.