TOWN OF MONTCLAIR, a municipal corporation, complainant,

*v.*

FREDERICK E. KIP et al., executors and trustees, &c., et al.,
defendants.

[Decided May 14th, 1932.]

*Mr. George S. Harris* and *Mr. Samuel Rosenblatt,* for the
complainant.

*Mr. Merritt Lane,* for the defendants.

BERRY, V. C.

This is a companion suit to *Dinkins* v. *Kip* and *Ellis* v. *Kip,*
which have just been decided adversely to the complainants.
*110 N. J. Eq. 486.* The three cases were tried together.

The facts here are essentially those recited in the memoran-
dum of decision filed in the other two cases and need not be
here repeated. The bill, in effect, seeks to enforce a municipal
zoning ordinance adopted May 19th, 1921, prior to the zon-
ing amendment to the state constitution and pursuant legis-
lation. There is a counter-claim by the defendants which
seeks to restrain the municipality from enforcing or attempt-
ing to enforce the ordinance against these defendants. Many
issues are raised in the pleadings and argued at length in the

briefs of counsel, but the primary question to be decided is that of jurisdiction. Complainant asserts jurisdiction of·the bill in this court by virtue of chapter 274 (*P. L. 1928* § *10;* *Cum. Supp. Comp. Stat. p. 1250*), and denies that the court has any jurisdiction over the counter-claims. The defendants assert exactly the reverse and that jurisdiction of the counter-claim will be entertained for the protection of defendants' property rights.

The alleged violation of the zoning ordinance consists of the maintenance of an automobile gasoline service station in an apartment house zone. Such a business is not *per se* a nuisance; is not, under the evidence, a nuisance in fact, and is unlawful, if unlawful at all, only because prohibited by municipal ordinance.· In *Ventnor City* v. *Fulmer, 92 N. J. Eq. 478; affirmed, 93 N. J. Eq. 660,* it was held that equity will not enforce municipal ordinances by injunction unless the act sought to be restrained is a nuisance. Under the rule of that case it is clear, therefore, that this court has no jurisdiction over the bill unless, as is claimed, it is conferred by the statute above referred to, the pertinent part of which reads as follows:

"The governing body or board of public works may provide by ordinance for the enforcement of this act and of any ordinance or regulation made thereunder. In case any building or structure is erected, constructed, altered, repaired, converted or maintained or any building or structure is used in violation of this act or of any ordinance or other regulation made under authority conferred thereby, the proper local authorities of the municipality, in addition to other remedies, may institute any appropriate action or proceeding to prevent such unlawful erection, construction, reconstruction, alteration, repair, conversion, maintenance, or use, to restrain, correct or abate such violation, to prevent the occupancy of said building, structure or land, or to prevent any illegal act, conduct, business or use in or about such premises."

In *Harris* v. *Vanderveer's Executor* (*Court of Errors and Appeals*), *21 N. J. Eq. 424,* Chief-Justice Beasley said: "I have no doubt that the jurisdiction of this court is extensible at the will of the legislature providing by such extension the province of no other court or department of the govern-

ment is entrenched upon or invaded." And in *Hedden* v. *Hand, 90 N. J. Eq. 583* (at *p. 594*), Mr. Justice Kalisch, speaking for the court of errors and appeals, said:

"There is no doubt that the legislature may lawfully confer on the court of chancery the injunctive power in a new class of cases to which such remedy is appropriate, or to extend the jurisdiction to a class of cases which by their very nature may come properly within the sphere and application of equitable principles."

It is on the ground that the injunctive power is here applied to a new class of cases and is not an invasion of the jurisdiction of any other court or body that the complainant's assertion is sought to be sustained. The act does not in express terms confer any jurisdiction upon the court of chancery. If it exists it must be implied from the use of the words "prevent," "restrain," "abate," and the like, in connection with "any appropriate action or proceeding." Prior to this legislation appropriate proceedings for the enforcement of municipal ordinances were at law and the words "prevent," "restrain," "abate," &c., may well refer to preventive or restrictive measures by means of actions cognizable in the law courts, or abatement by indictment at common law. See *Attorney-General* v. *New Jersey Railroad and Transportation Co., 3 N. J. Eq. 136* (at *p. 142*) ; *Hedden* v. *Hand, supra,* and *State* v. *Morris and Essex Railroad Co., 23 N. J. Law 360* (at *p. 370*). Counsel for complainants cites *Elizabeth City* v. *Aydlett, 200 N. C. 58; 156 S. E. Rep. 163 (1930),* in support of his contention that the language of the statute necessarily refers to this court. If it were not for the decisions of our own courts which I consider controlling, the application of the North Carolina case would be given greater consideration. There is no apparent reason why, if the legislature had intended to confer additional jurisdiction on this court, it did not say so in plain and unmistakable language instead of leaving the question open to conjecture and implication. And, municipal ordinances being enforceable at law, it is plain that the transfer of that function to this court in any degree must be *pro tanto* in derogation of the province

of the courts of law, the jurisdiction of which is jealously protected by our court of last resort.

During the progress of the final hearing in this cause the court of errors and appeals decided *Srager* v. *Mintz, 109 N. J. Eq. 544,* in which it reaffirmed the doctrine of *Ventnor City* v. *Fulmer, supra.* The head note to *Srager* v. *Mintz,* presumably by the court, is as follows:

"A court of equity will not enforce a municipal ordinance by injunction unless the act sought to be restrained is a nuisance."

The decision is expressly based upon the rule of *Ventnor City* v. *Fulmer,* and while the right of a municipality to enforce municipal ordinances in equity was not involved in the *Srager Case,* the restatement of the broad rule of the *Ventnor Case* is persuasive of the thought that the errors court did not consider that rule at all modified by the act of 1928. And, at any rate, I do not consider myself free to interpret the *Srager* decision otherwise than according to the plain meaning of the language used by that court. If some other construction should be given the decision I consider it the province of the court of errors and appeals, and not this court, to say so. On the authority of *Srager* v. *Mintz,* the bill will be dismissed.

As to the counter-claim, it is elementary that a counter-claim cannot be maintained for a cause of action not cognizable by bill, and that a court of equity will not entertain a bill where the remedy at law is adequate. The validity of the ordinance here involved, as applied to the defendants' property, is challenged upon constitutional grounds. No right to a permit or license from the municipal authorities is claimed, but the right to use the property in the present manner without any permit or license is asserted. The authorities to the effect that the validity of the ordinance in question may be determined by *certiorari* and the right of the defendant to a permit or license, if one were required, by *mandamus,* are legion and require no citation. That the applicability of the ordinance to the defendants' property may be determined by a review of a conviction for violation of its terms, by *cer-*

*tiorari,* and the defendants' constitutional rights, if invaded, thus protected is clearly shown by the decision of the court of errors and appeals, in *Frank J. Durkin Lumber Co.* v. *Fitzsimmons, 106 N. J. Law 183.* There is no necessity here for invoking the extraordinary remedy of injunction against the municipality as the defendants are now in the complete enjoyment of their property rights to the full extent claimed, except for their liability to respond to penal actions, relief from which may be readily had as already indicated. In view of what I have said, it is not necessary to discuss or decide the other interesting questions argued in the voluminous briefs of counsel.

The counter-claim will also be dismissed.