This is the appeal of the complainants below from a decree of the court of chancery, after hearing, dismissing their bill which sought to enjoin the defendants from the maintenance of a private nuisance.
At the hearing before the vice-chancellor, to whom the case was referred, it appeared as we see it, without substantial dispute, among other things, that the complainants have *Page 242 
owned and occupied a two-family house in the city of East Orange, New Jersey, and in a closely built residential neighborhood since 1922; that in 1932, the defendant Freytag purchased the property immediately adjoining complainants' on the north; that the property so purchased is a one-family house with a building in the rear originally constructed for use as a private stable; that Freytag leased that property to the defendant Thomas E. Eagan who had theretofore operated a refrigerator repair business in another part of the city; that in 1934 the Eagans (defendants) began to repair electric refrigerators in the rear building of their leased premises (having that understanding with their lessor) and in 1935 they began operations on a larger scale; that from time to time they brought refrigerators to the place in carload lots, repaired them, and carried them away after they were taken apart, cleaned and repaired; that the repairing consisted in part in burning off the old lacquer, paint and enamel with a torch, and was done usually in the barn and sometimes in the yard; that they, and the workers whom they hired, used gas masks in re-enameling or re-lacquering which was done with a "gun spray;" that the process produced noises, and fumes, gas and odors which permeated complainants' premises, and was carried on week days and sometimes on Sundays and sometimes in the night time under an arc light which they had installed; that the zoning ordinance of the city in effect prohibits such business on such premises; that in 1936 the defendants began operations on a still larger scale and the result was that the noises, gas, odors and fumes injured the complainants to a still greater extent in their health, safety and rest.
The learned vice-chancellor dismissed the bill, partly because equity will not enforce ordinances of a municipal corporation by injunction, and partly because he considered that the defendants had not used the premises "in such manner as to annoy or distress or impair the health or rest of the complainants."
Now while it is true that equity will not enforce the penal laws of the state or the ordinances of a municipal corporation by injunction, it will act when the offense sought to be *Page 243 
enjoined is a nuisance. Ventnor City v. Fulmer, 92 N.J. Eq. 478;affirmed, 93 N.J. Eq. 660. We consider that the offense sought to be restrained here was a nuisance as demonstrated by the overwhelming testimony of the complainants, corroborated in most essential details by other credible witnesses. We believe that the decision to the contrary in the court below overlooked the full sweep and effect of the proofs. The evidence disclosed that gas fumes arose and blew into the complainants' house, and the accompanying noises and the arc light frequently rendered sleep impossible and living in complainants' house uncomfortable, their house being only about twenty-five feet from the yard in which frequently this work was done. It disclosed that both complainants were injured in their health, and the wife was made sick and caused to take to her bed; and that complainants' efforts to rent out spare rooms in their property were seriously impaired or completely frustrated because of the presence of defendants' operations.
As we have intimated, this proof did not come alone from the complainants. It was corroborated in almost every essential detail by credible witnesses. But this is not all. We believe that the defendants' testimony in effect admitted most of the essential details of the complainants' proof.
Now the rule is well established that filling the air around a dwelling with noxious or offensive vapors or odors, with accompanying noises, to such a degree as renders persons of ordinary sensitiveness living in the house uncomfortable and sick, is a nuisance and unlawful injury which will be restrained by injunction. Duncan v. Hayes, 22 N.J. Eq. 25; Meigs v.Lister, 23 N.J. Eq. 199; Gilbough v. West Side Amusement Co.,64 N.J. Eq. 27; Seligman v. Victor Talking Machine Co., 71 N.J. Eq. 697;affirmed, 72 N.J. Eq. 946; Wallace Tiernan Co., Inc.,
v. U.S. Cutlery Co., 97 N.J. Eq. 408; affirmed, 98 N.J. Eq. 699.
A nuisance originally slight but becoming increasingly more aggravating does not estop persons affected thereby, through laches, from maintaining a bill. Laird v. Atlantic CoastSanitary Co., 73 N.J. Eq. 49; Kroecker v. Camden Coke Co.,82 N.J. Eq. 373. *Page 244 
Our conclusion is that the decree below which dismissed the bill with costs must be reversed, with costs to the complainants in this court, and the record remitted to the court below for injunctive relief against the nuisance disclosed.
For affirmance — None.
For reversal — THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.