Complainant brings this suit to restrain defendants from drilling wells on the premises occupied as a manufacturing plant by defendant Tube Reducing Corporation and from drawing water from any of such wells in process of construction for the purpose of operating the manufacturing enterprise of the defendant Tube Reducing Corporation. Complainant alleges in its bill of complaint that it operates its own water supply system, obtaining its water from wells sunk at various places in the municipality. Complainant has adopted a zoning ordinance which in terms forbids the drilling of any wells or the drawing of water therefrom within the municipality without the consent of the mayor and council. Permission to drill its own wells was applied for by the Tube Reducing Corporation, and permission was refused by the mayor and council.
The bill further alleges, in substance, that the borough secures its water supply for its inhabitants from underground sources of supply; that this supply is limited; and that the construction of the private wells of the Tube Reducing Corporation would cause irreparable injury to the borough and its inhabitants by rendering the water supply through the system operated by complainant so as to be inadequate.
Complainant sought an injunction pendente lite restraining the completion of the wells or the use thereof by the Tube Reducing Corporation. This injunction was denied pending final hearing, partly on the ground that the Tube Reducing Corporation was engaged in important war work. Consequently, the wells have been completed and the water therefrom is being used by the Tube Reducing Corporation. Besides the wells from which water is drawn for the use of the manufacturing plant, other diffusing wells have been constructed by the Tube Reducing Corporation, to which the great bulk of the water drawn from the supply wells is discharged so as to again be available for use. As a result, the water supply available from the municipal wells has not been appreciably diminished, so that the fears of the municipality that the supply available to other inhabitants in the borough would be rendered inadequate have not been realized. Therefore, the contention of the complainant that the construction *Page 520 
and use of private wells would result in irreparable damage to complainant has proven unjustified.
The zoning ordinance itself provides a penalty enforced by a proceeding before the borough recorder and for a hearing before the recorder, together with the right to a jury trial at the demand of the defendant. Instead of proceeding under this provision of the ordinance complainant has brought the matter into this court, seeking to enforce the ordinance by injunction. Ordinarily, the Court of Chancery will not act to enforce a municipal ordinance unless the act complained of is a nuisance.Ventnor v. Fulmer, 92 N.J. Eq. 478; Srager v. Mintz,109 N.J. Eq. 544; Montclair v. Kip, 110 N.J. Eq. 506.
In the instant suit, while the ordinance is contended by complainant to be for the preservation of the public health and welfare, the facts as shown at the hearing do not show that the public health and welfare have been affected by the acts of defendants.
Defendants contend that the ordinance is unconstitutional in that it is confiscatory because it deprives the Tube Reducing Corporation of the lawful use of its own property and that it confers upon the municipality the right arbitrarily to confer or refuse a license to sink wells upon its property. It may be doubtful whether the ordinance is constitutional in conferring the power upon the municipality to restrict the use by the Tube Reducing Corporation of the subterranean waters on its own premises. The owner of land seems to be entitled to the reasonable use of subterranean waters. Meeker v. East Orange,77 N.J. Law 623; Sterner v. Nixon, 116 N.J. Law 418.
It would seem that the proper form for testing the validity of the ordinance is by certiorari at law. Drive-to DepartmentStores v. City of Newark, 115 N.J. Eq. 222; North Jersey StreetRailway Co. v. South Orange, 58 N.J. Eq. 83.
However, the Court of Chancery may act in a proper case. That was pointed out in Drive-to Department Stores v. City ofNewark.
In the instant suit, no ground has been shown for the intervention of the Court of Chancery to grant the extraordinary *Page 521 
relief of an injunction. This being so, there is no necessity to pass upon the question as to whether the municipality exceeded its powers by the adoption of an ordinance which would render the ordinance unconstitutional. The sole basis for this suit in equity is the claim of irreparable damage to complainant, and, as has been pointed out, complainant has not sustained this contention.
A decree will be advised dismissing the bill.