20 N.J. Super. 433 (1952)
90 A.2d 113
CHARLES T. MORRIS AND EVERETT WEAVER, PLAINTIFFS,
v.
BOROUGH OF HALEDON, HERBERT POTTS AND J. HENRY VITZ, TRADING AS PAINTEX BODY WORKS, HERRMANN SHEET METAL WORKS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, ARTHUR SEIBER, LAWRENCE FREUDENTHAL AND NEIL STRUYK, BUILDING INSPECTOR OF THE BOROUGH OF NORTH HALEDON, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided June 25, 1952.
*435 Mr. Samuel A. Wiener, attorney for plaintiffs.
Mr. Peter Hofstra (Mr. Joseph V. Fumagalli appearing), attorneys for defendant Borough of Haledon.
Mr. Edward G. Weiss, attorney for defendants Potts and Vitz, Herrmann Sheet Metal Works, Inc., and Lawrence Freudenthal.
Mr. Saul M. Mann, attorney for defendant Arthur Seiber.
GRIMSHAW, J.S.C.
The Borough of Haledon is the owner of a tract of land situate in the Borough of North Haledon, in Passaic County. On this property is a reservoir, from *436 which comes the water supply of both boroughs. Until recently the area surrounding the reservoir was distinctly rural in character and rather sparsely settled. That condition has been changed somewhat by the construction of a development of small houses.
In the late 1930's the Government established a camp for the National Youth Administration on the reservoir property. Several buildings were erected, in which a trade school was conducted. The boys who attended the camp were taught carpentry, painting, plumbing, welding and kindred trades. Part of the equipment was a foundry. There were lathes, saws, grinders and other similar machines. As a part of its activities the school produced cabinets, bolts, cast grates and other foundry products. The machinery in use at the school was similar to that now used by the defendants herein.
With the advent of the war the need for the camp disappeared and it was closed late in 1942. For a short period thereafter the buildings were occupied by the Signal Corps of the Army. Later a part of the property was rented to a corporation making gun turrets and gun mounts.
In March of 1943 the defendant Freudenthal rented one of the buildings for use as a woodworking shop. That building burned in 1948 and Freudenthal then took over the building which he now occupies and in which he has a woodworking establishment. The defendants Potts and Vitz, trading as Paintex Body Works, rented the building occupied by them, in February of 1946. They run a business for the repair and painting of truck bodies. Herrmann Sheet Metal Works rented its place of business in July of 1947.
On August 13, 1941, while the Youth Administration was occupying the property, the Borough of North Haledon adopted a zoning ordinance. Under the provisions of that ordinance the tract in question was placed in the "A" residential zone. The borough has never objected to the business operations of the several defendants. In fact, the building inspector of the borough testified that he had given them certificates of occupancy.
*437 The plaintiff Morris purchased the property now occupied by him, in 1947. Originally his house was a summer cottage. He has since converted it into a year-round residence. It is located about 120 feet distant from the shop of Freudenthal, 150 feet from the Herrmann plant, and 275 feet from that of Paintex.
The businesses of the several defendants were in full operation when the plaintiff moved into the neighborhood, but he was not disturbed until the summer of 1948. Then, he says, he was continually upset day and night by excessive noise occasioned by hammering on metal, racing truck motors, power-driven saws and steam cleaning devices. It was impossible for him and his family to carry on a normal conversation or listen to a radio. At night the noise was accompanied by blinding flashes from welding machines. Sleep was disturbed. Noisome odors and soot from burning rubbish piles came in plaintiff's windows.
The defendants deny that there is noise in excess of that normally associated with the operation of their respective businesses. They also deny that they operate their plants at night. While admitting that it was customary to burn rubbish about a year and a half ago, they say that the practice was discontinued following a protest from the health officials of the borough and that it has not been started again.
In 1950, after several unsuccessful appearances before the borough council, the plaintiff instituted this litigation. He was joined in it by one Weaver, who has since been dropped as a party plaintiff. The complaint is in three counts. In the first count the plaintiff seeks a mandatory injunction against the further continuation of the defendants' businesses on the ground that they are being conducted in violation of the borough zoning ordinance and also because they constitute nuisances. In the second count, plaintiff seeks an injunction to compel the Borough of Haledon to surface and widen a right of way. No testimony was offered in connection with this count nor was it discussed in the briefs. It is, therefore, considered to have been abandoned. *438 In the third count a mandatory injunction was sought to compel the borough building inspector to proceed against the several defendants for violating the zoning ordinance. This count was dismissed, since, as a proceeding in lieu of a prerogative writ, it is cognizable only in the Law Division, Rule 3:81.
I think it must be conceded that the business operations of the defendants are violations of the zoning ordinance of the Borough of North Haledon. At the time the ordinance was passed, the property was used as a vocational school. After the school was closed the industrial operations were started. It cannot be contended successfully that these businesses are continuations of the nonconforming use represented by the vocational school. The differences are obvious. And the policy of the law is to restrict rather than expand nonconforming uses. Lane v. Bigelow, 135 N.J.L. 195 (E. & A. 1946). But as I view the situation, that point is not decisive.
It has long been the rule in this State that equity will not enforce by injunction the ordinances of a municipal corporation unless the offense sought to be enforced is a nuisance. Melucci v. Eagan, 124 N.J. Eq. 241 (E. & A. 1938). Recently the rule has been relaxed by the Supreme Court, to the extent of permitting municipalities to seek the aid of equity in preventing violations of zoning ordinances. Mayor, &c., of Alpine Borough v. Brewster, 7 N.J. 42 (1951). But I am unable to find in that case any justification for a conclusion that individuals may now seek the aid of equity for the enforcement of zoning ordinances in the absence of a showing that the violation constitutes a nuisance. As I see it, so far as private litigants are concerned, the law remains as it has always been. An individual suitor may not secure an injunction simply by proving a violation of a zoning ordinance. He still must show that the violation is a nuisance which has resulted in special damage to him.
The businesses conducted by the defendants are not nuisances per se. They are legal enterprises. And before *439 equity will intervene it must be shown by clear and convincing evidence that the operation of the businesses constitutes a nuisance. Benton v. Kernan, 130 N.J. Eq. 193 (E. & A. 1941).
As has been said, when plaintiff moved into the neighborhood the activities complained of were in operation. Plaintiff's right to object, therefore, is somewhat restricted. Friedman v. Keil, 113 N.J. Eq. 37 (E. & A. 1933). But, his failure immediately to move for an alleviation of the conditions which he considers are objectionable does not make him guilty of laches.
I am satisfied that most of the things to which plaintiff takes exception are noises incidental to the normal operations of the several businesses. They are not excessive and furnish no ground for the court's intervention. On the other hand, the plaintiff is entitled to have his nightly rest undisturbed and to the extent that defendants' operations interfere with that right, they will be enjoined. Nor is plaintiff required to submit to the inconvenience occasioned by smoke, soot and odors from the burning of rubbish on defendants' property. This practice also will be restrained.
In view of the conclusions which I have reached, there is no reason for me to pass upon the validity of the zoning ordinance of the Borough of North Haledon nor its effect upon the lands owned by the Borough of Haledon.
Judgment in accordance with the views expressed above.