WARDENS ST. PETER'S EPISCOPAL CHURCH v. THE TOWN OF WASHINGTON.

*Injunction—Municipal Ordinance.*

An injunction will not be granted to prevent the enforcement of an alleged unlawful municipal ordinance; nor can an action be maintained which only seeks to have such ordinance adjudged void.

CIVIL ACTION, tried on complaint and demurrer at Spring Term, 1891, of BEAUFORT Superior Court, *Bryan, J.,* presiding.

The ordinance in question was as follows:

"Ordinance XXXIII.—No interment of the dead shall be made within the corporate limits of the town of Washington, N. C., nor shall the Clerk issue the permit for any such burial; nor shall the body of any person dying within the corporate limits of the town be removed therefrom without a permit from the Town Clerk, and no permit shall be given by the Clerk where there has been an attending physician without a certificate from said physician stating cause of death; and no dead body shall be exhumed within the corporate limits of the town and removed therefrom without a permit from the Clerk. Every violation of this ordinance and every person participating in its violation shall be fined fifty dollars."

The prayer of the complaint was that "said ordinance be declared void, and that defendants be enjoined from enforcing the same," etc. There was judgment sustaining the demurrer, from which plaintiffs appealed.

*Mr. W. B. Rodman,* for plaintiffs.
*Messrs. C. F. Warren* and *J. H. Small,* for defendant.

CLARK, J.: The plaintiffs in this action seek to have a town ordinance declared void, and an injunction against enforcing the same. The ordinance in question had been authorized in terms by an act of the Legislature (1876–'77, Pr. Acts, ch. 34), and has since been recited and declared "valid and legal" by two Acts, Pr. Laws 1891, chaps. 110 and 223.

It is unnecessary, however, that we pass upon the question debated before us as to the power of the Legislature to authorize or to validate the ordinance in the exercise of the police power inherent in the State, for we have an express authority, if one were needed, that an injunction does not lie to prevent the enforcement of an alleged unlawful town ordinance. Should the plaintiff be injured by its enforcement, he has a redress at law by an action for damages, *Cohen* v. *Commissioners*, 77 N. C., 2, in which READE, J., says: " We are aware of no principle or precedent for the interposition of a court of equity in such cases." Nor can there be any for the proposition that the Court should declare void an unenforced municipal ordinance. To do so would be to pass upon a mere abstraction. If the plaintiffs, or any one else, should violate the ordinance, upon a criminal prosecution for such violation the validity of the ordinance, and of the acts of the Legislature authorizing and validating it, would come directly and properly before the Courts. Or if the town, by arrest or otherwise, should prevent the attempted violation, an action for damages, as in the case cited, or an indictment, would equally present the question. Indeed, the allegations of the plaintiffs that, if they should violate the ordinance, they fear an arrest and a breach of the peace, and their application for an injunction to prevent such consequences, though made in good faith, will not warrant the Court in departing from settled authority.

As was said in *Busbee* v. *Lewis*, 85 N. C., 332, "a co·· of equity will never interpose its jurisdiction in the way of a

mere protective relief (there by a decree to remove a cloud upon a title), when the party has an adequate and effectual remedy at law." To same purport, *Busbee* v. *Macy*, 85 N. C., 329; *Pearson* v. *Boyden*, 86 N. C., 585. But the learning is familiar, and the principle well settled by authority and reason. The complaint does not set out facts sufficient to constitute a cause of action, therefore let it be entered.

Action dismissed.