### J. A. SCOTT v. K. B. SMITH AND SAMUEL HINNANT.

*Equitable Remedy Not Proper When Action for Damages Will Lie.*

Application for an injunction against the enforcement of a town ordinance alleged to be void is a misconception of remedy, as a Court of Equity will not interpose when the plaintiff's proper remedy is a civil action at law for damages.

This was a motion to dissolve a restraining order in an action pending in WAYNE Superior Court, heard before *Robinson, J.,* at Chambers at Goldsboro, on 27th July, 1897. The motion was denied and the defendants appealed.

*Mr. W. C. Monroe,* for plaintiff.
*Messrs. Allen & Dortch,* for defendants (appellants).

FAIRCLOTH, C. J.: The commissioners of the town of Pikeville passed an ordinance declaring it unlawful and

punishable by fine to play baseball, foot-ball &c., within the corporate limits of the town without permission of the Mayor, who is one of the defendants, and the plaintiff brings this action to restrain the threatened enforcement of the ordinance by the defendant, Mayor, on the ground that the ordinance is void and in violation of the constitution, in that it deprives the citizens of their "liberty, the enjoyment of the fruits of their own labor and the pursuit of happiness."

If the ordinance is lawful and valid, as insisted by the defendants, the plaintiff has no cause of complaint and can maintain no form of civil action. If it is void, as insisted by the plaintiff, then he has misconceived his remedy, for a court of equity will not interpose when the plaintiff has a remedy at law by civil action for damages, in which, and in a criminal action also, the validity of the ordinance would be presented. At present we do not express any opinion upon that question. *Cohen* v. *Commissioners of Goldsboro*, 77 N. C., 2; *Wardens* v. *Washington*, 109 N. C., 21. The injunction is dissolved and the action dismissed.