## W. B. FISHER ET ALS. v. COMMISSIONERS OF CHEROKEE ET ALS.

(Filed 30 May, 1914.)

**Municipal Corporations—Bond—Subscription to Railroad Stock— Commissioners—Discretionary Power—Mandamus—Good Faith.**

An act authorizing municipalities and townships along the line of a prospective railroad to vote bonds therefor and subscribe to its capital stock was subsequently amended so as to appoint representatives for the various communities for the purpose of making subscriptions *de novo* to the capital stock of the corporation, of issuing bonds, etc., "as conditions may require

and as they may determine, after the conditions and require-ments provided in the act are complied with." *Held*, the estab-lishment of the bonds, etc., is not a ministerial but a discretion-ary duty, to compel which a mandamus will not lie, except for abuse of this discretion; and there being evidence that the com-missioners have acted in good faith, but have exercised their discretion to the extent of subscribing for a certain amount of the railroad stock, the case is remanded, with direction that the Superior Court find the facts more fully upon the affidavits and evidence presented.

APPEAL from judgment rendered by *Carter, J.*, 11 April, 1914; from CHEROKEE.

This is a petition for a writ of mandamus, heard upon the complaint, answers, and affidavits, by his Honor, *Judge Carter.* His Honor made an order therein, which is set out in the record, from which the defendant appealed.

*Bryson & Black and Zebulon Weaver for plaintiff.*
*M. W. Bell and Dillard & Hill for defendant.*

PER CURIAM. Chapter 254, Private Laws 1913, chartered the Hiawassee Valley Railway Company, and the municipalities and townships through which the road is to run were authorized to vote bonds and subscribe to the capital stock.

For some reason the General Assembly, at its Special Session of 1913, enacted chapter 123, Public-Local Laws of that session, which made a very considerable change in the legislation cover-ing this enterprise.

By virtue of that act the defendants W. P. Walker, H. N. Wells, and N. W. Abernethy were appointed representatives of Valley Town Township for the purpose of making subscriptions *de novo* to the capital stock of the corporation, and for the pur-pose of issuing bonds and selling the same from time to time "as conditions may require and as they may determine, after the conditions and requirements provided in the act are com-plied with."

The object of this petition is to compel these defendants, Walker, Wells, and Abernethy, to establish bonds of the said township in the sum of $75,000 to pay for stock subscription of like amount to the said railroad.

We have no hesitation in concluding that the question of sub-scribing stock and the amounts to be subscribed is left by the act of the special session to the sound discretion of the three commissioners, and the court has no power, therefore, to compel them to subscribe unless there is some allegation and proof of an arbitrary or fraudulent refusal to exercise such discretion.

While a mandamus will lie to compel public officers to dis-charge a mere ministerial duty, it will not lie to compel them to perform an act which is left to their sound judgment and dis-cretion. *County Board v. State Board,* 106 N. C., 81; *Russell v. Ayer,* 120 N. C., 180.

But it is contended that these three commissioners have exer-cised their discretion to the extent of subscribing for $10,000 of the railroad stock, and that they should be compelled to issue and sell $10,000 in bonds to make good such subscription.

This seems to be the view of the court below in making the order referred to. It is contended, in behalf of the three com-missioners, that the entire matter is one within their sound dis-cretion, and that a mandamus will not lie even to compel the issue of the $10,000 of bonds.

In their answer these three defendants have set up a number of facts by way of defense which we think it is necessary should be passed upon. Some affidavits are presented in the record in respect to the location of the road, the possibility of its construc-tion, and other matters, going to show good faith on the part of the three defendants who have been intrusted with representing the township in this matter.

These defendants aver that they are not acting arbitrarily, but are exercising their discretion in a proper and legitimate manner under the act of the said special session.

We, therefore, are of opinion that the case should be re-manded to the Superior Court of Cherokee County, with direc-tions to find the facts more fully upon the affidavits and evidence presented.

The plaintiffs and the defendants will each be taxed one-half of the costs of this Court.

Remanded.