DIXIE POSTER ADVERTISING CO., INC., v. CITY OF ASHEVILLE ET AL.

(Filed 3 June, 1925.)

**1. Taxation—Confiscation—Injunction—Burden of Proof.**

While ordinarily a restraining order for the collection of an unlawful tax will not be granted, it is an exception which the plaintiff must show, when the imposition of this tax will cause the irreparable loss of property rights, or amount to an unlawful confiscation of his property.

**2. Same—Appeal and Error—Findings of Fact—Review.**

Whether the license tax imposed in this case by city ordinance will amount to a confiscation of plaintiff's property or cause him to operate his business at a loss, being a matter of calculation, the Supreme Court remands the case for the ascertainment of the expenditures, so as to show in comparison with the profits stated the status of plaintiff's business as affected by the tax imposed by the ordinance.

CLARKSON and VARSER, JJ., concur in result only.

APPEAL by defendants from an order of *Stack, J.,* made at Chambers in Asheville, 18 April, 1925, continuing a restraining order to the final hearing.

*Marcus Erwin and Carter, Shuford, Hartshorn & Hughes for plaintiff.*
*Jones, Williams & Jones for defendants.*

ADAMS, J. The object of this action is to restrain the collection of a tax levied by the city of Asheville for the privilege of advertising by

the use of billboards. At the hearing the judge found certain facts, among which are these: (1) The plaintiff in the exercise of its corporate powers conducts a business known as "Outdoor Advertising," and for this purpose maintains a large number of billboards and posterboards situated on private property; (2) when the suit was instituted the plaintiff owned, leased and used about 150 boards, erected at a cost of more than $10,000, the total posting surface of which was more than 3,825 lineal feet; (3) the plaintiff has made numerous contracts with its customers for the display of advertising matter upon these boards and derives its sole income from payments made by its customers; (4) the gross income received by the plaintiff from its business in the city of Asheville for the fiscal year 1923-24 was approximately $12,000 and the net income $873.07; (5) under an ordinance of the city, the defendants are attempting to impose and collect an annual license tax of one dollar on each lineal foot of the plaintiff's total lineal footage in the city, which is 3,825 feet, the tax amounting to $3,825; (6) for several years prior to the passage of this ordinance the city levied and imposed on the plaintiff a license tax of $300, which the plaintiff has tendered to the defendant in payment of the tax for the current year.

Upon the facts found and set out in the judgment, the order restraining the collection of any tax in excess of the $300 tendered by the plaintiff was continued to the final hearing.

The plaintiff contends that the defendants, while purporting to exercise the power of taxation for municipal purposes, have levied and are attempting to collect from the plaintiff a license and privilege tax which is oppressive, prohibitive, confiscatory, and, therefore, invalid, while the defendants contend that injunction is not available to restrain the enforcement of an invalid municipal ordinance, and, moreover, if it is, that the evidence is not sufficient to warrant such remedy.

In a number of our decisions it has been held that, as a general rule, an injunction will not be granted to prevent the enforcement of an invalid or unlawful municipal ordinance. *Cohen v. Comrs.,* 77 N. C., 2; *Wardens v. Washington,* 109 N. C., 21; *Scott v. Smith,* 121 N. C., 94; *Paul v. Washington,* 134 N. C., 363; *Hargett v. Bell, ibid.,* 394; *S. v. R. R.,* 145 N. C., 495, 521; *Thompson v. Lumberton,* 182 N. C., 260; *Turner v. New Bern,* 187 N. C., 541. But this general rule is not universal in its application; on the contrary, it is subject to recognized exceptions. If it appear that an ordinance is unlawful or in conflict with the organic law and that an injunction against its enforcement is necessary for the protection of property rights or the rights of persons, otherwise irremediable, the writ is available in the exercise of the equitable powers of the court. See the concurring opinion of *Mr. Justice Hoke* in *Turner v. New Bern, supra,* and the concurring opinion of *Mr. Justice Brown* in *R. R. v. Goldsboro,* 155 N. C., 365. The

principle is clearly and forcefully enunciated in recent opinions of the Supreme Court of the United States. In *Hygrade Provision Co. v. Sherman,* Advance Opinions, Nos. 6, 7, p. 169 (decided 5 January, 1925), *Mr. Justice Sutherland* said: "The general rule is that equity will not interfere to prevent the enforcement of a criminal statute, even though unconstitutional. . . . But appellants seek to bring themselves within an exception to this general rule—namely, that a court of equity will interfere to prevent criminal prosecutions under an unconstitutional statute when that is necessary to effectually protect property rights." And in *Terrace v. Thompson,* 263 U. S., 197, 214, 68 Law. Ed., 255, 274, *Mr. Justice Butler* used this language: "The unconstitutionality of a State law is not of itself ground for equitable relief in the courts of the United States. That a suit in equity does not lie where there is a plain, adequate, and complete remedy at law is so well understood as not to require the citation of authorities. But the legal remedy must be as complete, practical, and efficient as that which equity could afford. *Boise Artesian Hot & Cold Water Co. v. Boise City,* 213 U. S., 276, 281, 53 Law Ed., 796, 798, 29 Sup. Ct. Rep., 426; *Walla Walla v. Walla Walla Water Co.,* 172 U. S., 1, 11, 12, 43 Law. Ed., 341, 346, 347, 19 Sup. Ct. Rep., 77. Equity jurisdiction will be exercised to enjoin the threatened enforcement of a State law which contravenes the Federal Constitution wherever it is essential, in order effectually to protect property rights and the rights of persons against injuries otherwise irremediable; and in such a case a person who, as an officer of the State, is clothed with the duty of enforcing its law, and who threatens and is about to commence proceedings, either civil or criminal, to enforce such a law against parties affected, may be enjoined from such action by a Federal court of equity." See, also, *Packard v. Banton,* 264 U. S., 140, 143, 68 Law Ed., 596, 607.

In the instant case it is incumbent upon the plaintiff, who seeks relief by injunction, to bring itself within the exception to the general rule. Whether it has done so does not definitely or sufficiently appear. The trial judge, it is true, finds the plaintiff's gross income for the fiscal year to be approximately $12,000 and its net income $873.07; but in a suit of this character the appellate court may examine the evidence and reach its own conclusion as to the facts. *Sanders v. Ins. Co.,* 183 N. C., 66, 68; *Woolen Mills v. Land Co., ibid.,* 511, 513. The amount of the income, gross or net, is a mathematical deduction. The gross income is set out *in solido,* but there is no statement of facts in the record and no sufficient evidence to explain the great disparity between the gross and the net income. In considering the question whether the tax is confiscatory or prohibitive, this Court may determine for itself whether this disparity, stated as a conclusion, is justified

by the facts. In other words, there should be evidence to show for what purpose the expenditures were made which, it is claimed, reduce the gross income to a net income of $873.07; for it is the province of the law, not of the plaintiff, to determine to what extent the gross income is legitimately to be diminished by the expenditures. Further information is necessary to an adequate consideration of the alleged prohibitive feature of the ordinance. The cause is, therefore, reversed and remanded for additional facts, to the end that the court may adjudge whether the plaintiff has brought itself within the exception.

Reversed and remanded.

CLARKSON and VARSER, J.J., concurring in result only.