LOOSE-WILES BISCUIT COMPANY v. TOWN OF SANFORD, ET AL.

(Filed 18 March, 1931.)

**Taxation E b—In this case remedy to test validity of ordinance imposing license tax was by payment and action to recover, and not injunction.**

Where a town ordinance imposes a license tax upon those selling at wholesale or peddling bakery products therein, and provides that its violation be punishable as a misdemeanor, the remedy to test the validity

of the ordinance is to pay the tax under protest and bring action to recover it back, C. S., 7979, and equity will not enjoin the town from executing its threat to arrest the agent of the plaintiff every time the agent distributed bakery products in the town in violation of the ordinance, it not appearing that the plaintiff would be irreparably damaged by the payment of the tax, and the legal remedy to recover the tax affording adequate relief.

APPEAL by defendants from *Lyon, Emergency Judge,* 3 October, 1930. From LEE.

Civil action to restrain the defendants from enforcing an alleged invalid ordinance of the town of Sanford.

The plaintiff is a New York corporation engaged in the manufacture and sale of bakery products. It maintains a warehouse and branch office in the city of Greensboro, N. C., from which it supplies the trade in the surrounding territory, including the town of Sanford, on orders sent in by traveling salesmen, but it sells only to authorized, licensed merchants in the towns and cities of the State.

On 23 May, 1930, the town of Sanford passed an ordinance providing that "every person, firm, corporation, or association, which shall sell or deliver at wholesale, and/or peddle bread, or any other bakery products, within the corporate limits of the town of Sanford, shall pay to the town of Sanford an annual license tax of $100," etc. Violation of the ordinance is made a misdemeanor.

The plaintiff being advised that said ordinance was void, and inapplicable to its business, ignored its provisions and declined to pay the tax sought to be imposed thereby; whereupon its agent was arrested for delivering bakery products in the town of Sanford, found guilty and bound over to court. Plaintiff has been informed that its agent will be arrested every time he comes to Sanford to deliver goods, unless a proper license is secured therefor.

Plaintiff sues to enjoin the threatened, repeated arrests of its agent.

From an order continuing the injunction to the final hearing, the defendants appeal, assigning error.

*A. A. F. Seawell for plaintiff.*
*Williams & Williams and J. C. Pittman for defendants.*

STACY, C. J. The appeal presents the single question whether the facts of the instant case bring it within the principle announced in *Thompson v. Lumberton,* 182 N. C., 260, 108 S. E., 722, or the exception to the general rule as applied in *Advertising Co. v. Asheville,* 189 N. C., 737, 128 S. E., 149. We have concluded that the case is controlled by the decisions in *Thompson v. Lumberton, supra, Turner v. New Bern,*

187 N. C., 541, 122 S. E., 469, *Paul v. Washington,* 134 N. C., 363, 47 S. E., 793, *Rosenbaum v. New Bern,* 118 N. C., 83, 24 S. E., 1, and others of like import.

The general rule is, that equity will not interfere by injunction to test the validity of an alleged unlawful or invalid municipal ordinance. *Wardens v. Washington,* 109 N. C., 21, 13 S. E., 700; *Scott v. Smith,* 121 N. C., 94, 28 S. E., 64; *Cohen v. Comrs.,* 77 N. C., 2.

. There is an exception to this general rule, however, as well established as the rule itself, that equity will enjoin the threatened enforcement of an alleged unconstitutional law when it is made manifest that otherwise property rights or the rights of persons would suffer irreparable injury. *Advertising Co. v. Asheville, supra.* See, also, concurring opinions in *Turner v. New Bern, supra,* and *R. R. v. Goldsboro,* 155 N. C., 356, 71 S. E., 514.

The plaintiff could hardly regard the payment under protest of a $100 tax, with adequate legal remedy to recover it back, if unlawful, as an irreparable injury to its business. C. S., 7979; *R. R. v. Comrs.,* 188 N. C., 265, 124 S. E., 560.

Error.