MRS. W. E. CHAPPELL v. C. W. MOWERY ET AL.

(Filed 13 April, 1932.)

**Highways A e—Judgment dissolving order restraining maintenance of imitation highway signs is affirmed in this case.**

The erection of signs on a State highway in imitation of official highway signs in violation of chapter 148, section 56, Public Laws of 1927, is made a misdemeanor under section 58, and injunction is not the appropriate remedy for the enforcement of the statute, and in proceedings by a private person a judgment dissolving a temporary order restraining the maintenance of signs by a private owner alleged to be in violation of the statute will not be disturbed on appeal, it further appearing that the alleged signs were placed on private property and not upon the right of way of the highway.

APPEAL by plaintiff from *Cowper, Special Judge,* at January Special Term, 1932, of WAKE.

R. R. *v.* AHOSKIE.

Civil action to restrain the defendants from maintaining at the intersection of Person and Edenton Streets in the city of Raleigh an imitation highway sign in violation of section 56, chapter 148, Public Laws, 1927, which provides in part as follows:

"No unauthorized person shall erect or maintain upon any highway any warning or direction sign, marker, signal or light in imitation of any official sign, marker, signal or light erected under the provisions of this act."

Section 58 of the same act also provides in part: "It shall be unlawful and constitute a misdemeanor for any person to violate any of the provisions of this act."

From a judgment dissolving the temporary restraining order and dismissing the action, the plaintiff appeals, assigning errors.

*Thomas W. Ruffin for plaintiff.*
*Clyde A. Douglass for defendants.*

STACY, C. J. It is not conceded that the sign in question is an imitation of any official sign, but, however this may be, it is admittedly located on private property and not upon the right of way of any highway. Furthermore, the violation of the provisions of the statute is made a misdemeanor (section 58), and the remedy selected, injunction, would seem to be inappropriate on the showing made by the plaintiff. *Loose-Wiles Biscuit Co. v. Sanford,* 200 N. C., 467, 157 S. E., 432; *Turner v. New Bern,* 187 N. C., 541, 122 S. E., 469; *Thompson v. Lumberton,* 182 N. C., 260, 108 S. E., 722.

The matter may have been *coram non judice.* The record is not altogether clear on this point. *Green v. Stadiem,* 197 N. C., 472, 149 S. E., 685; *Reid v. Reid,* 199 N. C., 740, 155 S. E., 719.

We have discovered no valid reason for a reversal of the judgment. Affirmed.