CLYDE F. FLEMMING ET AL. v. THE CITY OF ASHEVILLE ET AL.

(Filed 4 January, 1933.)

**Injunctions D b—Facts upon which temporary restraining order is dissolved should be set out in the judgment.**

Where a temporary order restraining a municipal corporation from enforcing an ordinance is dissolved without findings of fact in the judgment or record so that the Supreme Court can ascertain the grounds upon which the restraining order was dissolved, the judgment will be reversed and the case remanded to the end that another hearing may be had and that the facts may be set out in the judgment.

APPEAL by plaintiffs from *Clement, J.,* at August Term, 1932, of BUNCOMBE. Reversed and remanded.

This is an action to restrain and enjoin the defendants from enforcing against the plaintiffs, an ordinance of the city of Asheville, on the ground (1) that plaintiffs are not included within the terms and provisions of the ordinance; and (2) that if plaintiffs are included within the terms and provisions of the ordinance, the said ordinance is void, for that it contravenes certain provisions of the Constitution of North Carolina, and of the United States.

From judgment dissolving a temporary restraining order issued in the action, the plaintiff appealed to the Supreme Court.

*Edward H. McMahan for plaintiffs.*
*J. G. Merrimon and Devere Lentz for defendants.*

CONNOR, J. Issues of fact are sharply raised by the pleadings in this action. The evidence at the hearing of the motion of plaintiffs that the temporary restraining order be made permanent, was contradictory as to material facts. No findings of fact appear in the judgment or in the record. We are unable to determine in the present state of the record upon what ground the temporary restraining order was dissolved.

A city ordinance dealing with a matter of great importance to the public as well as to operators of motor buses on the streets of the towns and cities of this State, is involved in this action. The validity of the ordinance is challenged on the ground that some of its terms and provisions are unconstitutional. It does not now appear that the validity of the ordinance is necessarily presented by this appeal. *Goldsboro v. Supply Co.,* 200 N. C., 405, 157 S. E., 58, and cases cited.

The judgment is reversed and the action remanded to the Superior Court of Buncombe County, to the end that another hearing may be had. The facts on which the judgment is rendered should be found, and set out in the judgment.

Reversed and remanded.