CLYDE F. FLEMMING, OWNER AND OPERATOR OF KENILWORTH BUS LINES, AND L. H. SPRINKLE AND W. R. SPRINKLE, OWNERS AND OPERATORS OF BEAVERDAM BUS LINES, v. THE CITY OF ASHEVILLE ET AL.

(Filed 24 January, 1934.)

1. **Appeal and Error J a—**

An exception to findings of fact by the court in injunction proceedings will not be sustained where the findings are supported by sufficient evidence.

2. **Municipal Corporations ·H e: Injunctions B e—Injunction held not to lie to prevent enforcement of ordinance in this case.**

This case *is held* to be controlled by the general rule that equity will not interfere by injunction to test the validity of a municipal ordinance

and does not come within the exception that equity will enjoin a threatened enforcement of an alleged unconstitutional law when it is made manifest that otherwise irreparable injury will result to property or personal rights.

**3. Municipal Corporations H d—**

An ordinance requiring operators of motor busses within the city to file policies of liability insurance in solvent surety companies would seem to be valid.

APPEAL by plaintiffs from *Alley, J.,* at May Term, 1933, of BUNCOMBE. Affirmed.

This is an action to restrain and enjoin the defendants, the city of Asheville, its city manager and other officials, from enforcing against the plaintiffs, an ordinance of the city of Asheville on the ground (1) that the plaintiffs are not included within the terms and provisions of the ordinance; and, (2) that if plaintiffs are included within the terms and provisions of the ordinance, the said ordinance is void for that it contravenes certain provisions of the Constitution of the State of North Carolina, and of the United States.

When the action was called for trial on the issues raised by the pleadings, a trial by jury was waived, and it was agreed that the judge should hear the evidence, find the facts, and render judgment accordingly.

On the facts found by the judge, it was considered, ordered and adjudged that the plaintiffs are not entitled to an order restraining the defendants, the city of Asheville, its city manager and other officials, from enforcing against the plaintiffs its ordinances and laws relating to the operation of jitney busses, and that the restraining order heretofore issued in the action be and the same was dissolved. It was further ordered and adjudged that the plaintiffs pay the costs of the action to be taxed against the plaintiffs and the sureties on their prosecution bond.

The plaintiffs appealed from the judgment to the Supreme Court.

*Edward H. McMahon for plaintiffs.*
*C. E. Blackstock and P. C. Cocke, Jr., for defendants.*

CONNOR, J. On a former appeal by the plaintiffs from a judgment in this action, dissolving a temporary restraining order, the judgment was reversed and the action remanded to the Superior Court of Buncombe County for further proceedings in accordance with the opinion of this Court. *Flemming v. Asheville,* 203 N. C., 810, 167 S. E., 77. No findings of fact appeared in the judgment, and for that reason it could not be determined by this Court on what grounds the temporary restraining order was dissolved.

It now appears from the findings of fact set out in the judgment that the ordinance of the city of Asheville, which the plaintiffs contend is void, is applicable to the plaintiffs, for the reason that the plaintiffs are within its terms and provisions. The sole ground, therefore, on which plaintiffs now contend that they are entitled to the injunctive relief which they seek in this action is the invalidity of the ordinance. This relief was denied in the judgment from which the plaintiffs have appealed to this Court. The trial court was of opinion that on all the facts found from the evidence and set out in the judgment, the plaintiffs are not entitled to a judgment restraining the enforcement of the ordinance by the defendants. There was evidence sufficient to support each of the findings of fact. For that reason, plaintiffs' exceptions to certain findings of fact cannot be sustained.

The primary question presented by this appeal is whether this action is controlled by the general principle on which *Thompson v. Lumberton,* 182 N. C., 260, 108 S. E., 722, was decided, or falls within the exception to the principle applied in *Advertising Co. v. Asheville,* 189 N. C., 737, 128 S. E., 149. See *Loose-Wiles Biscuit Co. v. Sanford,* 200 N. C., 467, 157 S. E., 432, and cases cited in the opinion in that case.

We are of opinion that this action is controlled by the general principle that equity will not interfere by injunction to test the validity of an alleged unlawful or invalid municipal ordinance, and does not fall within the exception that equity will enjoin a threatened enforcement of an alleged unconstitutional law when it is made manifest that otherwise property rights or the rights of persons would suffer irreparable injury. For this reason, there is no error in the judgment.

Conceding that the ordinance which was adopted by the city of Asheville prior to the commencement of this action was invalid because it required all persons operating motor busses on the streets of Asheville to file with the city policies of insurance against liability to persons and property for damages resulting from their negligence, issued by a corporate surety company, authorized to do business in the State of North Carolina, as contended by the plaintiffs, it would seem that this ordinance has been repealed or superseded by the ordinance adopted by the city council of Asheville, on 20 April, 1933. This ordinance requires such persons to file policies of insurance issued by solvent sureties, and does not require that the sureties shall be corporations, authorized to do business in this State. The latter ordinance does not contain the requirement which the plaintiffs contend makes the former ordinance invalid. See *Plott v. Ferguson,* 202 N. C., 446, 163 S. E., 688. It would seem that the latter ordinance is valid. For the reason stated in this opinion, the judgment is

Affirmed.