STATE OF NORTH CAROLINA v. W. M. SASSEEN AND R. D. KINARD.

(Filed 20 June, 1934.) ʼ

**Municipal Corporations H d: Constitutional Law G a—Ordinance requiring operators of motor vehicles for hire to furnish policies of liability insurance or cash or securities held unconstitutional.**

A municipal ordinance requiring all operators of passenger motor vehicles for hire within the city to deposit with the treasurer of the city policies of liability insurance in responsible companies authorized to do business in the State in a stipulated amount for each car operated, or cash or securities in the sum required, *is held* void as being in contravention of Const., Art. I, sec. 7, prohibiting separate or exclusive emoluments, but in consideration of public service, and Const., Art. I, sec. 31, interdicting perpetuities and monopolies, in that the ordinance fails to provide that the security required might be furnished by one or more solvent individual sureties. Whether the ordinance is void as being in contravention of the general law or policy of the State as declared in chapter 116, Public Laws of 1931, *held* not necessary to a decision of the appeal.

APPEAL by the State of North Carolina from special verdict and judgment, *Sinclair, J.,* at Special April Term, 1934, of MECKLENBURG. Affirmed.

"Special verdict and judgment of Judge Sinclair: In the above entitled action, the jury returns the following special verdict. (1) That on 27 October, 1933, the city of Charlotte adopted the following ordinance: An ordinance to regulate the operation of cabs, taxi-cabs, and for-hire

cars and to protect the public from injury and damage resulting from negligence in the operation of said cabs, taxi-cabs or for-hire cars on the streets of the city of Charlotte. Be it ordained by the council of the city of Charlotte.

"Section one: No person, firm or corporation shall operate, or cause to be operated, upon the streets of the city of Charlotte, any cabs, taxi-cabs, U-Drive-It, or for-hire car or automobile unless (a) said person, firm or corporation shall have filed with the treasurer of the city of Charlotte, a policy or policies of liability insurance with a reliable and responsible company authorized to do business in the State of North Carolina, in form to be approved by the city attorney, indemnifying the licensee as to each cab, taxi-cab, 'U-Drive-It' or for-hire car or automobile in the sum of five thousand dollars ($5,000) for injury to one person, or ten thousand dollars ($10,000) for injury to more than one person, and one thousand dollars ($1,000) property damage, in any one action for which said driver or owner of cab, taxi-cab, 'U-Drive-It' or for-hire car or automobile may be held liable. (B) In lieu of such insurance policy or policies, said person, firm or corporation may deposit like amounts with the treasurer of the city of Charlotte, in cash, or securities to be approved by the city manager, indemnifying persons who may be injured, or whose property may be damaged by the negligent operation of such cabs, taxi-cabs, 'U-Drive-It' or for-hire cars or automobiles upon condition that action may be brought thereon by any person for the amount of such damage to the full amount of such cash and/or securities deposited. (C) The expiration or cancellation of any policy or policies of liability insurance, or the withdrawal of any cash and/or securities deposited as herein provided, shall deprive any person, firm or corporation of the right to continue further the operation of any cab, taxi-cab, 'U-Drive-It,' or for-hire car or automobile upon the streets of the city of Charlotte.

"Section two. Any person, firm or corporation violating this ordinance shall upon conviction be fined fifty dollars ($50.00) or imprisoned for not more than thirty days, and each day any section of this ordinance shall be violated shall be and constitute a separate and distinct offense.

"Section three. That all ordinances or parts of ordinances in conflict herewith be and the same are hereby repealed.

"Section four. Read, approved and adopted and declared to be an ordinance of the city of Charlotte, this 27 October, 1933, effective ten days after its first publication. Approved as to form: Bridges and Orr, city attorneys.

"(2) That on 5 April, 1934, the ordinance hereinbefore set out was in effect. (3) That on 5 April, 1934, the defendants, W. M. Sasseen

and R. D. Kinard, operated a taxi-cab for hire upon the streets of the city of Charlotte in violation of the terms and provisions of said ordinance, in that the said defendants operated said taxi-cab for hire without filing with the treasurer of the city of Charlotte, a policy of liability insurance with a reliable and responsible company authorized to do business in the State of North Carolina in form to be approved by the city attorney and without in lieu thereof depositing securities as provided in section B of said ordinance. (4) That the defendants have operated taxi-cabs for hire in the city of Charlotte for 3 years; that on 5 April, 1934, at which time said defendants were arrested, charged with the violation of the ordinance hereinbefore set forth, said defendants were operating a certain taxi-cab for hire under a license duly issued by the Commissioner of Revenue of the State of North Carolina under and pursuant to the provisions of the Consolidated Statutes, sections 2613(15) to 2621(149), both inclusive, known as the *Motor Vehicle Act*. (5) That the defendants have complied with all the provisions of the laws of the State of North Carolina entitling them to operate taxi-cabs for hire in the city of Charlotte. (6) That they have met all the requirements of the city of Charlotte entitling them to operate taxi-cabs for hire in the city of Charlotte other than complying with the ordinance of the city of Charlotte, hereinbefore set forth. If, upon these facts, the court be of the opinion that the defendants are guilty, the jury so finds; otherwise, not guilty. Upon the above findings of facts by the jury, the court adjudges the defendants not guilty. From the special verdict of not guilty, the State appeals to the Supreme Court."

The only exception and assignment of error made by the State, is that the court erred in adjudging the defendants not guilty upon the facts set out in the special verdict of the jury.

*Attorney-General Brummitt, Assistant Attorney-General Seawell, Bridges & Orr and Robert A. Wellons for State of North Carolina.*

*Carswell & Ervin, J. L. DeLaney and Goebel Porter for defendants, W. M. Sasseen and R. D. Kinard.*

CLARKSON, J. We think there is no error in the court below finding the defendants "not guilty" on the special verdict. In the special verdict is the following part of the ordinance of the city of Charlotte, N. C.: "(A) Said person, firm or corporation shall have filed with the treasurer of the city of Charlotte, a policy or policies of liability insurance with a reliable and responsible company authorized to do business in the State of North Carolina, in form to be approved by the city attorney, indemnifying the licensee as to each cab, taxi-cab, 'U-Drive-It' or for-hire

car or automobile in the sum of five thousand dollars ($5,000) for injury to one person, or ten thousand dollars ($10,000) for injury to more than one person, and one thousand dollars ($1,000) property damage, in any one action for which said driver or owner of cab, taxi-cab, 'U-Drive-It' or for-hire car or automobile may be held liable. (B) In lieu of such insurance policy or policies, said person, firm or corporation may deposit like amounts with the treasurer of the city of Charlotte in cash, or securities to be approved by the city manager, indemnifying persons who may be injured, or whose property may be damaged by the negligent operation of such cabs, taxi-cabs, 'U-Drive-It' or for-hire cars or automobiles upon condition that action may be brought thereon by any person for the amount of such damage to the full amount of such cash and/or securities deposited."

Under the above, the defendants are limited to (1) "A policy or policies of liability insurance." (2) In lieu of the policy or policies of liability insurance, "cash or securities." The ordinance, *expressio unius exclusio alterius,* omits a bond by a solvent personal surety or sureties. It is a matter of common knowledge that a liability policy in an insurance indemnity company is almost prohibitive, few companies write them. Cash or liquidated securities for so large a sum makes it hard measure and almost impossible to comply with the ordinance by the average taxi-cab owner or owners. We are not discussing the policy of the ordinance in reference to protecting persons or property injured through negligence, but to the legality of the ordinance as adopted. In the Constitution of North Carolina, Article I, section 7, is the following: "No man or set of men are entitled to exclusive or separate emoluments or privileges from the community, but in consideration of public services." Section 31, is as follows: "Perpetuities and monopolies are contrary to the genius of a free state and ought not be allowed." Section 29, is as follows: "A frequent recurrence to fundamental principles is absolutely necessary to preserve the blessings of liberty." The act, as written, has a tendency to create a monopoly and turn the business over to a privileged class without allowing personal surety or sureties, which was, until recent years, the kind of bond usually required and given. A statute applicable to Buncombe County, North Carolina, involving the same principle, was held void in *Plott v. Ferguson,* 202 N. C., 446. See *Flemming v. Asheville,* 203 N. C., 810; *S. c.,* 205 N. C., 765; In the *Plott case, supra,* at page 451, it is said: "The passage of laws not of uniform operation, the granting of special privilege and the like, are ordinarily contrary to our constitutional limitations. Equal protection of the law and the protection of equal laws are fundamental."

It is contended by defendants that the ordinance contravenes: "The general law and the policy of the State, as declared by chapter 116,

Public Laws of 1931, entitled 'An act to promote safe driving on the highways and to force the collection of judgments against irresponsible drivers of motor vehicles.'" It is well settled that an ordinance is invalid if it antagonizes the State law, *supra,* on the subject. *S. v. Stallings,* 189 N. C., 104. The synopsis of the State law, *supra:* "Failure of any automobile owner or operator to pay *tort* judgment within 30 days after final rendition authorizes suspension of driver's license and registration certificates. . . . Certified transcript. . . . Period of suspension. . . . Ability to respond in damages. . . . Clerk of Superior Court to forward transcripts to Commissioner of Revenue."

Under the circumstances narrated in the act, provision is made for bond of a surety company, "or a bond with at least two individual sureties," etc. This indicates the legislative intent as to giving individual sureties in certain cases, omitted from the ordinance in question. We are not now called upon to decide whether the ordinance in question antagonizes the State law and whether the State law covers the entire field. "The power conferred upon the municipal body is presumed to be insubordination to a public law regulating the same matter for the entire State unless a clear intent to the contrary is manifest." *S. v. Langston,* 88 N. C., 692 (694); *S. v. Freshwater,* 183 N. C., 762.

It is found in the special verdict: "That the defendants have complied with all the provisions of the laws of the State of North Carolina entitling them to operate taxi-cabs for hire in the city of Charlotte. That they have met all the requirements of the city of Charlotte entitling them to operate taxi-cabs for hire in the city of Charlotte other than complying with the ordinance of the city of Charlotte hereinbefore set forth." We see no error in the judgment of the court below, the judgment is therefore

Affirmed.