L. H. WATKINS ET AL. v. GEORGE A. ISELEY, MAYOR, ET AL.

(Filed 22 January, 1936.)

1. **Constitutional Law G a: Municipal Corporations H d—Ordinance requiring liability insurance or bonds for vehicles operated for hire held valid.**

    An ordinance requiring operators of taxicabs or other motor vehicles for hire to secure liability insurance or enter into bond with personal or corporate surety is a valid exercise of the police power and expressly authorized by statute, C. S., 2787 (36), as amended by ch. 279, Public Laws of 1935, and does not violate the Fourteenth Amendment of the Federal Constitution, the operation of vehicles for gain being a special and extraordinary use of the city's streets, which it has the power to condition by ordinance uniform upon all coming within the classification.

2. **Municipal Corporations H e—**

    Ordinarily, the validity of a municipal ordinance may not be challenged by proceedings to enjoin its enforcement.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Parker, J.*, at September Term, 1935, of WAKE.

Civil action to enjoin enforcement of ordinance regulating operation of taxicabs for hire on the streets of the city of Raleigh.

The facts are these:

1. In August, 1935, the commissioners of the city of Raleigh, pursuant to C. S., 2787 (36), as amended by ch. 279, Public Laws 1935, duly adopted ordinances in the interest of public safety, requiring every person, firm, or corporation, as a condition precedent to operating taxicabs or motor vehicles for hire in the city of Raleigh, on or after 1 September, 1935, to secure liability insurance, or enter into bond with personal or corporate surety, in amounts as follows: $2,500 covering injury to one person in any single accident; $5,000 covering injury to more than one person in single accident; $250 covering property damage in any single accident.

A violation of the ordinance is made a misdemeanor, punishable by fine of $25 for each offense.

2. Plaintiffs are operators of taxicabs for hire within the city of Raleigh and have operated such taxicabs prior and since the adoption of said ordinances. They have met all the requirements of the city and State laws relative to their business, other than complying with the above ordinances requiring liability insurance or bond with personal or corporate surety.

3. It will be difficult for plaintiffs to give bond with personal or corporate surety, and the lowest annual premium quoted by any local casualty company for liability insurance upon any taxicab for hire in the city of Raleigh is $180.00.

From judgment dissolving the temporary restraining order, and denying the injunctive relief sought, plaintiffs appeal, assigning errors.

*Chas. U. Harris for plaintiffs.*
*Clem B. Holding for defendants.*

STACY, C. J. Are the ordinances requiring operators of taxicabs or other motor vehicles for hire in the city of Raleigh to secure liability insurance, or enter into bond with personal or corporate surety, valid exercises of the police power? They are expressly authorized by statute. C. S., 2787 (36), as amended by ch. 279, Public Laws 1935.

The constitutionality of similar legislation was before the Supreme Court of the United States in *Packard v. Banton,* 264 U. S., 140, where *Mr. Justice Sutherland,* delivering the opinion of the Court, dealt with the questions raised on the present appeal as follows:

"The contention most pressed is that the act unreasonably and arbitrarily discriminates against those engaged in operating motor vehicles for hire in favor of persons operating such vehicles for their private ends, and in favor of street cars and motor omnibuses. If the State determines that the use of streets for private purposes in the usual and ordinary manner shall be preferred over their use by common carriers for hire there is nothing in the Fourteenth Amendment to prevent. The streets belong to the public and are primarily for the use of the public in the ordinary way. Their use for the purposes of gain is special and extraordinary and, generally at least, may be prohibited or conditioned as the legislature deems proper. . . . Decisions sustaining the validity of legislation like that here involved are numerous and substantially uniform. (Citing authorities.) . . . The fact that, because of circumstances peculiar to him, appellant may be unable to comply with the requirement as to security without assuming a burden greater than that generally borne or excessive in itself, does not militate against the constitutionality of the statute. Moreover, a distinction must be observed between the regulation of an activity which may be engaged in as a matter of right and one carried on by government sufferance or permission. In the latter case the power to exclude altogether generally includes the lesser power to condition, and may justify a degree of regulation not admissible in the former. See *Davis v. Massachusetts,* 167 U. S., 43."

The cases cited and relied upon by plaintiffs, *S. v. Gulledge,* 208 N. C., 204, 179 S. E., 883, and *S. v. Sasseen,* 206 N. C., 644, 175 S. E., 142, were decided prior to the passage of the 1935 amendment, and are therefore inapposite to the question presently presented.

Moreover, in the light of what was said in *Flemming v. Asheville,* 205 N. C., 765, 172 S. E., 362, it would seem the plaintiffs are infelicitous in the selection of their remedy.

The temporary restraining order was properly dissolved.

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.