B. F. JARRELL v. M. Q. SNOW, R. P. JONES AND SAM SMITH, COMMISSIONERS OF SURRY COUNTY.

(Filed 26 September, 1945.)

**1. Mandamus § 1—**

In an action for *mandamus,* in an attempt to test the constitutionality of a municipal ordinance based upon a statute, the relief demanded was properly denied.

**2. Mandamus § 2e—**

*Mandamus* lies only for one who has a specific legal right and who is without any other legal remedy.

**3. Equity § 3—**

Ordinarily equity will not interfere with the enforcement of a municipal ordinance, since, if valid, plaintiff cannot complain, and, if not, its validity may be attacked in an action of law.

**4. Same—**

Equity will not interfere to test the validity of an alleged unlawful and invalid municipal ordinance enforceable only by indictment.

**5. Mandamus §§ 2a, 2b—**

It is not the function of a court to reverse or direct the reversal of decisions made by administrative officers in the exercise of discretionary powers; nor will review of their decisions, once made, be compelled by judicial mandate.

**6. Intoxicating Liquor § 1: Municipal Corporations § 5: Counties § 1—**

Where a board of county commissioners by resolution requested the surrender of a license to sell wine, which request was declined by the licensee, on the assumption that such action by the commissioners was invalid and unconstitutional, such licensee has an adequate remedy at law, should the commissioners undertake to enforce their resolution or to prevent the exercise of the privilege granted by the license.

**7. Constitutional Law § 6a: Statutes § 4: Injunctions § 9—**

The constitutionality of an Act or ordinance will not be determined in a suit to enjoin its enforcement. Nor will we decide the question of its constitutionality prior to an attempt to enforce it.

APPEAL by plaintiff from *Gwyn, J.,* in Chambers, 7 August, 1945. From SURRY.

Civil action in which plaintiff seeks a mandatory order compelling defendants to rescind request for return of beer license.

The Beverage Control Act of 1939, as amended, G. S., ch. 18, Art. IV, is a statute of general application. It permits the manufacture and sale of unfortified wines in the State under the conditions therein set forth. It applies to Surry County. In 1945 the Legislature enacted H. B. 652 authorizing the Commissioners of Surry County "by resolution duly adopted to . . . prohibit the sale of wine within the part of Mount Airy Township outside the corporate limits of the Town of Mount Airy." On the first Monday in May, 1945, the said Board of Commissioners duly adopted a resolution designated "County Ordinance" declaring it to be unlawful for any person to sell wine within said territory. At the time of the passage of said Act and the adoption of said resolution, plaintiff, who operates a country store within the designated area, was the holder of a 1945-1946 "Off Premises" license to sell wine issued by the State of North Carolina and a like license issued by the County of Surry. On 7 June, 1945, defendants wrote plaintiff notifying him of the adoption of said resolution and requesting him to surrender his "Off Premises" license for cancellation. Plaintiff did not comply with the request. Instead he instituted this action in which he seeks a "mandatory order" "compelling the defendants to rescind its order of June 7, 1945, and to

leave in full force and effect the plaintiff's off premises license to sell wine in Surry County, Mount Airy Township, during the year 1945-1946, heretofore granted by said Board of Commissioners to the plaintiff."

The cause was heard in Chambers by Gwyn, J., by consent, and being heard, the court below entered judgment "that the plaintiff's petition and prayer be, and is hereby denied." Plaintiff excepted and appealed.

*Allen & Henderson for plaintiff, appellant.*
*Fred Folger for defendant, appellee.*

BARNHILL, J. The basis of plaintiff's cause of action is the alleged unconstitutionality of H. B. 652 of the 1945 session of the Legislature and the consequent invalidity of the resolution or ordinance adopted by the defendants under authority thereof. He seeks in this manner to present that question for decision. The court below declined to render judgment thereon, but instead dismissed the petition. This was in accord with well-recognized principles of law and procedure prevailing in this jurisdiction.

*Mandamus* lies only for one who has a specific legal right and who is without any other adequate legal remedy. 1 Chitty's Practice, 790; *S. v. Justices,* 24 N. C., 430; *Edgerton v. Kirby,* 156 N. C., 347, 72 S. E., 365; *Barnes v. Commissioners,* 135 N. C., 27; *Lyon v. Commissioners,* 120 N. C., 237; *Tucker v. Justices,* 46 N. C., 451; *Hayes v. Benton,* 193 N. C., 379, 137 S. E., 169; *Braddy v. Winston-Salem,* 201 N. C., 301, 159 S. E., 310; *School District v. Alamance County,* 211 N. C., 213, 189 S. E., 873; *Harris v. Board of Education,* 216 N. C., 147, 4 S. E. (2d), 328.

Ordinarily equity will not interfere with the enforcement of a municipal ordinance, since, if valid, plaintiff cannot complain, and, if not, its invalidity may be attacked in an action at law. *Scott v. Smith,* 121 N. C., 94; *Crawford v. Marion,* 154 N. C., 73, 69 S. E., 763; *R. R. v. Morehead City,* 167 N. C., 118, 83 S. E., 259; *Turner v. New Bern,* 187 N. C., 541, 122 S. E., 469; *Thompson v. Town of Lumberton,* 182 N. C., 260, 108 S. E., 722; *S. v. R. R.,* 145 N. C., 495; *Paul v. Washington,* 134 N. C., 363; *Chappell v. Mowery,* 202 N. C., 584, 163 S. E., 565; *McCormick v. Proctor,* 217 N. C., 23, 6 S. E. (2d), 870.

Nor will equity interfere to test the validity of an alleged unlawful or invalid municipal ordinance enforceable only by indictment. *Loose-Wiles Biscuit Co. v. Sanford,* 200 N. C., 467, 157 S. E., 432; *Flemming v. City of Asheville,* 205 N. C., 765, 172 S. E., 362; *Ry. Co. v. Raleigh,* 219 Fed., 573, affirmed 242 U. S., 15, 61 L. Ed., 121; *S. v. R. R., supra;* *Turner v. New Bern, supra;* *Thompson v. Town of Lumberton, supra.*

If the statute under which defendants acted is valid, they acted in the exercise of a discretionary power in adopting the ordinance. It is not the function of the Court to reverse or direct the reversal of decisions made by administrative officers in the exercise of discretionary powers. *Pue v. Hood,* 222 N. C., 310, 22 S. E. (2d), 896; *Mullen v. Louisburg,* 225 N. C., 53; *Reed v. Highway Com.,* 209 N. C., 648, 184 S. E., 513; *Lee v. Waynesville,* 184 N. C., 565, 115 S. E., 51.

Nor will review of their decisions, once made, be compelled by judicial mandate. *Barnes v. Commissioners, supra; Wilkinson v. Board of Education,* 199 N. C., 669, 155 S. E., 562; *Harden v. Raleigh,* 192 N. C., 395, 135 S. E., 151; *Fisher v. Commissioners,* 166 N. C., 238, 81 S. E., 1065; *Britt v. Board of Canvassers,* 172 N. C., 797, 90 S. E., 1005; *Board of Education v. Board of Commissioners,* 178 N. C., 305, 100 S. E., 698; *Board of Education v. Comrs.,* 189 N. C., 650, 127 S. E., 692; *Pue v. Hood, supra; Mullen v. Louisburg, supra.*

If the statute is unconstitutional the resolution of defendants is invalid. Plaintiff did not surrender his license. He still has it in his possession. If defendants undertake in any manner to enforce the resolution or to prevent plaintiff from exercising the privileges granted by his license, he has an adequate remedy at law. He may not resort to *mandamus* or to mandatory injunction to test the constitutionality of the statute or the validity of the resolution in anticipation of an effort to enforce it. *Loose-Wiles Biscuit Co. v. Sanford, supra; Flemming v. City of Asheville, supra; Thompson v. Town of Lumberton, supra; S. v. R. R., supra; Turner v. New Bern, supra; Latham v. Harris,* 194 N. C., 802, 139 S. E., 773.

The constitutionality of an Act or ordinance will not be determined in a suit to enjoin its enforcement. Nor will we decide the question of its constitutionality prior to an attempt to enforce it. *Latham v. Harris, supra.* As said by *Brogden, J.,* in *Barton v. Grist,* 193 N. C., 144, 136 S. E., 344: "For the Court to declare invalid an unenforced statute would be equivalent to passing upon a 'mere abstraction.'" See also *Goldsboro v. Supply Co.,* 200 N. C., 405, 157 S. E., 58, where that part of the judgment declaring an ordinance invalid was ordered stricken.

Absolute necessity is the moving cause for decision. *Burton v. U. S.,* 196 U. S., 283, 49 L. Ed., 482.

For the reasons stated the judgment below is

Affirmed.