Civil action to restrain the enforcement of a city ordinance.
Plaintiff, in complaint filed, alleges in brief: That he operates a service station, adjacent to the Union Bus Station in the town of Warsaw, North Carolina, at which he sells gasoline, oil and other automobile supplies and accessories, and, in connection with and from which he operates an automobile used as a cab or taxi — engaged in hauling passengers for hire; that on 12 June, 1946, he applied for and obtained from defendant, Town of Warsaw, a license privileging him to operate said cab or taxi within the limits of the town, and commenced to operate *Page 638 
the same, using the property which he owns or has under lease, or a portion of it, as his cab stand or headquarters, and has built up a valuable business; that on or about 6 July, 1946, he received letter from the Mayor of the town, advising him that the Board of Commissioners of the town had enacted an ordinance in words and figures as follows:
"ORDINANCE
"BE: IT ORDAINED by the Board of Commissioners of the Town of Warsaw, North Carolina, that the lot known as the Fred Rhea Lot on the east side of College Street, in front of the Bus Station and the Town Hall, be and the same is hereby designated as the parking lot for all Taxi Cabs, conveying passengers to and from the Bus Station, and it shall be unlawful for any Taxi Cab, licensed by the Town of Warsaw, transporting passengers to and from said Bus Station, to park or to receive or deliver passengers at any point, other than the Rhea Lot within five hundred (500) feet of said Bus Station.
"That any person, firm or corporation found guilty of the violation of this ordinance shall be guilty of a misdemeanor and be punished by a fine of not more than $50.00 or imprisoned for not more than thirty days, and in addition thereto the Commissioners of the Town of Warsaw, shall have the power to revoke the license of any driver found guilty of any violation thereof.
"This ordinance adopted at a regular meeting of the Commissioners of the Town of Warsaw, held on the 5th day of July, 1946, and shall be in full force and effect for and after 12:15 A. M. on July 6th, 1946"; that thereafter he received a passenger on "bus or taxicab at his stand," located on his said property, and was arrested therefor and tried before the Mayor of the town and was found guilty of violating the alleged ordinance, and fined, from which judgment he appealed to the General County Court for Duplin County, and was advised by the Mayor that, upon a second violation he would be arrested, and his privilege license as a taxicab operator would be revoked and canceled by the town; that the ordinance is unconstitutional, and a violation of his constitutional rights, and deprives him of his property rights without due process of law, to his irreparable injury. Whereupon, he prays that the Town of Warsaw, its employees, servants and agents be restrained and enjoined from enforcing or attempting to enforce the ordinance — and that the same be declared unconstitutional and invalid.
Defendant demurred ore tenus to the complaint.
From judgment sustaining the demurrer, plaintiff appeals to Supreme Court and assigns error.
It is a general principle of law that injunction does not lie to restrain the enforcement of an alleged invalid municipal ordinance, and ordinarily the validity of such ordinance may not be tested by injunction.Thompson v. Lumberton, 182 N.C. 260, 108 S.E. 722; Turner v. New Bern,187 N.C. 541, 122 S.E. 469; Flemming v. Asheville, 205 N.C. 765,172 S.E. 362; Suddreth v. Charlotte, 223 N.C. 630, 27 S.E.2d 650;Jarrell v. Snow, 225 N.C. 430, 35 S.E.2d 273.
However, this principle is subject to the exception that equity will enjoin a threatened enforcement of an alleged unconstitutional ordinance when it is manifest that otherwise property rights or the rights of persons would suffer irreparable injury. Advertising Co. v. Asheville, 189 N.C. 737,128 S.E. 149. See also Clinard v. Winston-Salem, 217 N.C. 119,6 S.E.2d 867, and cases cited.
In the present action we are of opinion that the general principle is applicable, and that the case does not come within the limits of the exception thereto. Such was the case in Suddreth v. Charlotte, supra, where an ordinance pertaining to the licensing and regulation of taxicabs operated for hire was under consideration. There this Court adhered to the general principle but in its discretion expressed an opinion on the merits of the case, which is pertinent to case in hand.
The judgment below is
Affirmed.