---
Lewis v. Goodman
---

---

SHERRY LEWIS, ON BEHALF OF HERSELF AND SUCH OTHER PERSONS AS ARE SIMILARLY AFFECTED BY THOSE CERTAIN AMENDMENTS TO CHAPTER 11 OF THE CHARLOTTE CITY CODE WHICH ARE REFERRED TO HEREIN v. J. C. GOODMAN, CHIEF, CHARLOTTE POLICE DEPARTMENT; B. L. PORTER, CHIEF, MECKLENBURG COUNTY POLICE DEPARTMENT; DONALD W. STAHL, SHERIFF OF MECKLENBURG COUNTY, AND JOSEPH A. STONE, TAX COLLECTOR FOR THE CITY OF CHARLOTTE AND THE COUNTY OF MECKLENBURG

No. 7226SC189

(Filed 24 May 1972)

1. Injunctions § 2— inadequacy of remedy at law

An injunction will not lie where there is an adequate remedy at law.

2. **Injunctions § 5; Taxation § 38— tax on topless dancers — procedure to test validity**

   An action for an injunction is not the proper procedure for testing the validity of a municipal ordinance requiring topless dancers and waitresses to pay a license tax of $500 per year, the proper remedy of the taxpayer being to pay the tax under protest and sue for its recovery under G.S. 105-267.

APPEAL by defendants from *McLean, Judge,* at the 27 September 1971, Schedule "B" Jury Session of MECKLENBURG Superior Court.

This is a civil action to enjoin the collection of a license tax imposed by the City of Charlotte on topless or nude waitresses, entertainers, dancers or employees.

The complaint alleges that the city council of the City of Charlotte, North Carolina, has duly ratified an ordinance requiring topless dancers and waitresses to pay a license tax of $500.00 per annum; that plaintiff has been employed as a topless dancer or waitress and derives her income from this occupation; that the city ordinance has as its purpose the discouragement or prohibition of the taxed activity and the ordinance is therefore invalid; that plaintiff is thereby prevented from engaging in her occupation; and that plaintiff has no adequate remedy at law.

At the final hearing the trial court entered judgment holding that the tax imposed by the city ordinance was unconstitutional and unenforceable and defendants were enjoined from enforcing the ordinance.

From this order defendants appeal.

*Arthur Goodman, Jr., and Warren D. Blair for plaintiff appellee.*

*City of Charlotte by Henry W. Underhill, Jr., for defendant appellants.*

CAMPBELL, Judge.

In rendering a decision on this appeal it is necessary for us to determine whether injunction is the proper remedy where plaintiff challenges the validity of a tax ordinance.

[1] It is well-settled law that where there is an adequate remedy at law, an injunction will not lie. This principle is applica-

Lewis v. Goodman

ble to all cases in which the complaining party can have adequate relief by the prosecution of his remedy in the courts, or in a procedure pointed out by statute, and this is especially true in controversies arising out of the taxing power. *Wilson v. Green,* 135 N.C. 343, 47 S.E. 469 (1904). In cases challenging the imposition of a tax the taxpayer must pursue those remedies provided by statute. *R. R. v. Reidsville,* 109 N.C. 494, 13 S.E. 865 (1891).

[2] The legislature has established the remedies by which a taxpayer may challenge the validity of a tax. The proper remedy where a taxpayer has a valid defense to the collection of a tax is provided in G.S. 105-267. This section requires a taxpayer to pay the tax and demand a refund, and if the tax is not refunded he may then bring suit to recover the amount paid. G.S. 105-267. This remedy, by its own terms and by the decisions of the Supreme Court, applies to taxes imposed by municipalities as well as those imposed by the State and this has been held to be the rule even where the tax in question was imposed pursuant to Chapter 160 (now Chapter 160A) of the General Statutes. *Cab Co. v. Charlotte,* 234 N.C. 572, 68 S.E. 2d 433 (1951). This is the appropriate procedure for testing the constitutionality of a tax. *Oil Corp. v. Clayton, Comr. of Revenue,* 267 N.C. 15, 147 S.E. 2d 522 (1960).

The remedy provided by statute is readily available to plaintiff. She testified:

> "My name is Sherry Lewis and I am the plaintiff in this action. I am a topless dancer and entertainer and I make my livelihood as such. Since the Ordinance in question was passed, the one requiring a $500 license tax, I have not been able to pursue this livelihood. This has had an effect on my ability to earn a living; it has cut down my income to at least $300.00. I usually made not less than about $1,000 a week, and now I don't make but about $300.00 a week. I have not bought a license. I am employed at the Sip and Cork or Bamboo Lounge, trading as Sip and Cork, and am dancing, but not topless."

Plaintiff could easily have paid the $500.00 tax and sued for a refund. She had an adequate remedy at law and is required to pursue that remedy.

The rule we follow today was stated succinctly in *Bragg Development Co. v. Braxton,* 239 N.C. 427, 79 S.E. 2d 918 (1954) as follows:

> "Ordinarily the sovereign may not be denied or delayed in the enforcement of its right to collect the revenue upon which its very existence depends. This rule applies to municipalities and other subdivisions of the State Government. If a tax is levied against a taxpayer which he deems unauthorized or unlawful, he must pay the same under protest and then sue for its recovery. . . . "

See also *Loose-Wiles Biscuit Co. v. Sanford,* 200 N.C. 467, 157 S.E. 432 (1931).

We call attention to the fact that G.S. 105-406 which authorized injunctive relief under certain circumstances was repealed effective July 1, 1971 and before the institution of the present action.

We hold that under the facts of this case an action for an injunction is not the proper procedure for testing the validity of the tax in question.

The order appealed from is vacated and

Reversed.

Judges BRITT and GRAHAM concur.